# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| **KYLE GUAY**, <br><br>                   Plaintiff, <br><br> v. <br><br> **SIG SAUER, INC.**, <br><br>                   Defendant. | **Civil Action No.: 1:20-CV-00736-AJ** |

## <u>DEFENDANT SIG SAUER, INC.'S ANSWER AND AFFIRMATIVE DEFENSES</u>

Defendant SIG SAUER, INC. ("SIG"), through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint [Dkt. 4], and would respectfully submit as follows:

1.      SIG denies the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint as stated, and respectfully refers all questions of law to this Honorable Court.

2.      SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.

3.      SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint, except that SIG denies the subject P320 pistol could have discharged without the trigger being pulled.

4.      SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint, except that SIG denies the subject P320 pistol could have discharged without the trigger being pulled. The quoted language is from an undefined source and does not purport to make allegations towards SIG. To

the extent Plaintiff is making any allegations in connection with the quoted language, SIG denies such allegations.

5.      SIG responds that the language quoted in Paragraph 5 of Plaintiff's Amended Complaint is incomplete and not put into context.  To the extent Plaintiff is making any allegations in connection with the quoted language or the referenced document, SIG denies such allegations, and SIG further responds that the referenced document speaks for itself.  SIG denies the subject P320 pistol could have discharged without the trigger being pulled.  SIG denies the remaining allegations contained in Paragraph 5 of Plaintiff's Amended Complaint as stated.

6.      SIG responds that the language referred to in Paragraph 6 of Plaintiff's Amended Complaint is incomplete and not put into context.  To the extent Plaintiff is making any allegations in connection with the quoted language or the referenced document, SIG denies such allegations, and SIG further responds that the referenced document speaks for itself.  SIG denies the subject P320 pistol could have discharged without the trigger being pulled.  SIG denies the remaining allegations contained in Paragraph 6 of Plaintiff's Amended Complaint as stated.

7.      SIG responds that the language quoted in Paragraph 7 of Plaintiff's Amended Complaint is incomplete and not put into context.  To the extent Plaintiff is making any allegations in connection with the quoted language or the referenced document, SIG denies such allegations, and SIG further responds that the referenced document speaks for itself.  SIG denies the subject P320 pistol could have discharged without the trigger being pulled.  SIG denies the remaining allegations contained in Paragraph 7 of Plaintiff's Amended Complaint as stated.

8.      The allegations contained in Paragraph 8 of Plaintiff's Amended Complaint are questions of law which do not require a response from SIG.  SIG respectfully refers all questions of law to this Honorable Court.

9.    SIG admits the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

10.    SIG denies that any injuries sustained by Plaintiff resulted from any negligence or breach of warranty by SIG or deceptive marketing practices of SIG.  SIG denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

11.    SIG admits that it designs and manufactures firearms and rifles, which are sold to third-party distributors, dealers and various law enforcement and governmental agencies throughout the United States and internationally.  SIG admits that it is a for-profit corporation with a principal office address of 72 Pease Boulevard, Newington, New Hampshire 03801.  SIG also admits that it is a Delaware corporation and that SIG was formerly known as SIGARMS, Inc. and changed its name to Sig Sauer, Inc. in October 2007.  SIG denies the remaining allegations contained in Paragraph 11 of Plaintiff's Amended Complaint as stated, including specifically the allegation that SIG "markets and sells [firearms] directly and through dealers."

**ALLEGATIONS**

12.    SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

13.    SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint, except that SIG denies the subject P320 pistol could have discharged without the trigger being pulled.

14.    SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint, except that SIG denies the subject P320 pistol could have discharged without the trigger being pulled.

3

15.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint, except that SIG denies the subject P320 pistol could have discharged without the trigger being pulled.

16.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint, except that SIG denies the subject P320 pistol could have discharged without the trigger being pulled.  SIG further responds that the damage to the subject holster appears to confirm that the subject P320 pistol was not fully seated in its holster when it discharged.

17.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18.     The language quoted in Paragraph 18 of Plaintiff's Amended Complaint is incomplete and not put into context.  To the extent Plaintiff is making any allegations in connection with the quoted language or the referenced document, SIG denies such allegations, and SIG further responds that the referenced document speaks for itself.

19.     The language quoted in Paragraph 19 of Plaintiff's Amended Complaint is incomplete and not put into context.  To the extent Plaintiff is making any allegations in connection with the quoted language or the referenced document, SIG denies such allegations, and SIG further responds that the referenced document speaks for itself.  SIG further denies that the subject incident occurred without the trigger of the subject P320 pistol being pulled.

20.     SIG admits that the product manual for the P320 previously issued P320 model pistols plainly warned as follows:



**⚠ WARNING – DROPPED PISTOL**

If dropped, the pistol may fire. Keep the chamber empty unless actually firing!

**ANY FIREARM MAY FIRE IF DROPPED**

SIG denies that this statement is contradictory to other statements made by SIG regarding the P320 model pistol, and SIG denies any remaining allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

21.     The language quoted in Paragraph 21 of Plaintiff's Amended Complaint is incomplete and not put into context.  To the extent Plaintiff is making any allegations in connection with the quoted language or the referenced document, SIG denies such allegations, and SIG further responds that the referenced document speaks for itself.  SIG denies that it made contradictory statements about the P320 model pistol's safety features, and SIG denies any remaining allegations contained in Paragraph 21 (including footnote 1) of Plaintiff's Amended Complaint.

22.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint regarding the standard operating procedure for "all U.S. law enforcement agencies, including the United States Secret Service, the Federal Bureau of Investigation, local police departments, and the military."   SIG denies the remaining allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first Paragraph 23 (including footnote 2) of Plaintiff's Amended Complaint.

24.     SIG admits that the P320 pistol was first released for sale in 2014.  SIG denies the remaining allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint because Plaintiff does not identify the advertising statements he is referring to.

26.     The documents shown in Paragraph 26 of Plaintiff's Amended Complaint are incomplete and not put into context.  To the extent Plaintiff is making any allegations in connection with the referenced documents, SIG denies such allegations, and SIG further responds that the referenced documents speak for themselves.  SIG denies the remaining allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27.     SIG responds that the documents referred to in Paragraph 27 of Plaintiff's Amended Complaint are incomplete and not put into context.  To the extent Plaintiff is making any allegations in connection with the referenced documents, SIG denies such allegations, and SIG further responds that the referenced documents speak for themselves.

28.     SIG admits that it has advertised the P320 pistol's safety features and SIG specifically denies that the P320 model pistol was, at any time, unreasonably dangerous.  SIG denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

29.     SIG admits that certain duties are owed with respect to the design, manufacture and sale of certain products, including the P320 model pistol, but SIG denies that the P320 "suffered

6

from any dangerous safety defect." SIG denies any remaining allegations contained in Paragraph 29 of Plaintiff's Amended Complaint, and respectfully refers all questions of law to this Honorable Court.

30.     SIG denies the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint as stated. SIG specifically denies that the P320 model pistol contains safety defects as alleged in Paragraph 30.

31.     SIG admits that the P320 is the first striker-fired pistol designed and manufactured by SIG. SIG denies the remaining allegations contained Paragraph 31 of Plaintiff's Amended Complaint.

32.     SIG admits that the information contained in Paragraph 32 of Plaintiff's Amended Complaint generally describes the difference in how a striker-fired pistol operates versus a hammer-fired pistol. SIG further admits that striker-fired pistols such as the P320 model pistol do not contain external hammers.

32a.     SIG admits that the information contained in Paragraph 32a. generally describes how a striker-fired pistol operates, but SIG denies that the firearm shown in Paragraph 32a. is a P320 pistol. SIG denies any remaining allegations contained in Paragraph 32a. of Plaintiff's Amended Complaint.

33.     SIG admits that the U.S. Army selected a variant of the P320 model pistol, referred to as the M17 and M18 Modular Handgun System, as its new service weapon with the contract being awarded to SIG in January 2017. SIG further admits that it worked with the army to make various modifications and performance improvements to the M17/M18 pistols during 2017. SIG denies the remaining allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

7

34.     SIG admits that it worked with the Army to make various modifications and performance improvements to the M17/M18 pistols during 2017.  SIG denies the remaining allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35.     SIG admits that it is aware of an incident involving a Holmes Beach, Florida officer who was injured when his P320 pistol discharged following an overnight shift.  SIG further responds that the investigation into that incident determined that the officer inadvertently pulled the trigger as he was attempting to unload the pistol.  SIG denies any remaining allegations contained in Paragraph 35 of Plaintiff's Amended Complaint.

36.     SIG denies the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint, and SIG specifically denies that the P320 model pistol was defective in its design.

37.     SIG admits that it investigates alleged incidents involving discharges.  SIG denies the remaining allegations contained in Paragraph 37 of Plaintiff's Amended Complaint, and SIG specifically denies that the P320 model pistol was defective in its design.

38.     SIG admits that it investigates alleged incidents involving discharges.  SIG denies the remaining allegations contained in Paragraph 38 of Plaintiff's Amended Complaint, and SIG specifically denies that the P320 model pistol was defective in its design.

39.     SIG specifically denies the characterization of SIG's investigations.   SIG denies the remaining allegations contained in Paragraph 39 of Plaintiff's Amended Complaint.

40.     SIG responds that the language quoted in Paragraph 40 of Plaintiff's Amended Complaint is incomplete and not put into context, and it misstates the information conveyed in the e-mail communication.  SIG further denies that the SIG employee included in the referenced communication is an attorney.  To the extent Plaintiff is making any allegations in connection with the quoted language or the referenced document, SIG denies such allegations, and SIG further

8

responds that the referenced document speaks for itself.  SIG denies the subject P320 pistol could have discharged without the trigger being pulled.  SIG denies the remaining allegations contained in Paragraph 40 of Plaintiff's Amended Complaint.

41.     SIG admits that the Roscommon County Sheriff's Office ("RCSO") concluded that the negligent discharge incident in February 2016 was caused by a seatbelt becoming entangled in the trigger guard of the subject P320 pistol and causing the trigger to be pulled as the deputy stood to exit his vehicle.  SIG further responds that the lead investigator from the RCSO confirmed to Plaintiff's counsel in this action that RCSO had reached that determination.  SIG further responds that its inspection of the subject P320 pistol showed groove marks on the trigger guard, trigger and holster which supported RCSO's conclusion that a foreign object – here, a seat belt buckle – interacted with the trigger causing the trigger to be pulled and the pistol to discharge as designed. SIG denies any remaining allegations contained in Paragraph 41 of Plaintiff's Amended Complaint, and SIG specifically denies the subject P320 pistol could have discharged without the trigger being pulled.

42.     SIG responds that the bodycam video referenced in Paragraph 42 of Plaintiff's Amended Complaint does not show any part of the subject incident and denies any allegations suggesting that the bodycam video supports the conclusion that the P320 pistol discharged without a trigger pull.  SIG denies knowledge and information sufficient to form a belief as to the mental state of the deputy involved.  SIG further responds that the Roscommon County Sheriff's Office ("RCSO") concluded that the negligent discharge incident in February 2016 was caused by a seatbelt becoming entangled in the trigger guard of the subject P320 pistol and causing the trigger to be pulled as the deputy stood to exit his vehicle.  SIG further responds that the lead investigator from the RCSO confirmed to Plaintiff's counsel in this action that RCSO had reached that

determination.  SIG further responds that its inspection of the subject P320 pistol showed groove marks on the trigger guard, trigger and holster which supported RCSO's conclusion that a foreign object – here, a seat belt buckle – interacted with the trigger causing the trigger to be pulled and the pistol to discharge as designed.  SIG denies any remaining allegations contained in Paragraph 41 of Plaintiff's Amended Complaint, and SIG specifically denies the subject P320 pistol could have discharged without the trigger being pulled.

43.     SIG denies the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint, and SIG specifically denies that the P320 model pistol was defective in its design and unreasonably dangerous.

44.     SIG denies the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint, and SIG specifically denies that the P320 pistol can discharge without the trigger being pulled or "upon mere rotational movement of the human body."

45.     SIG admits that a suit regarding a P320 model pistol was filed in Connecticut state court on or around August 4, 2017 and subsequently removed to the United States District Court for the District of Connecticut.  SIG further admits that the suit alleged that the plaintiff was injured as a result of a negligent discharge of his P320 pistol when he dropped it to the ground.  SIG further responds that Plaintiff's affirmative allegations in this action confirm that the subject incident did not result from a dropped pistol.  SIG denies the remaining allegations contained in Paragraph 45 of Plaintiff's Amended Complaint.

46.     SIG responds that the press statement included in Paragraph 46 of Plaintiff's Amended Complaint speaks for itself.  SIG denies Plaintiff's characterization of the information contained in the press statement and denies any remaining allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     SIG denies the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint.

48.     SIG admits that it announced the "P320 Voluntary Upgrade Program" on August 8, 2017 which was designed to enhance the drop safety of the P320 model pistol. SIG further responds that any alleged issues related to the drop safety of the P320 pistol are irrelevant to this action because Plaintiff's affirmative allegations confirm that his P320 pistol did not discharge as a result of being dropped.  SIG further responds that the language quoted in Paragraph 48 of Plaintiff's Amended Complaint is incomplete and not put into context.  To the extent Plaintiff is making any allegations in connection with the quoted language or the referenced documents, SIG denies such allegations, and SIG further responds that the referenced documents, in their full and complete versions, speak for themselves.  SIG denies any remaining allegations contained in Paragraph 48 of Plaintiff's Amended Complaint.

49.     SIG denies the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint.  The upgrade program was implemented to enhance the drop safety of the P320 model pistol.  Any alleged issues related to the drop safety of the P320 model pistol are irrelevant to this action because Plaintiff's affirmative allegations confirm that his P320 pistol did not discharge as a result of being dropped. SIG admits that the information contained in the picture following Paragraph 49 is true and accurate and that "the only way the 320 can fire is through trigger rotation."  SIG denies any remaining allegations contained in Paragraph 49 of Plaintiff's Amended Complaint, including specifically any allegation that the subject P320 pistol "shot Guay" without the trigger being pulled.

50.     SIG admits that after testing and analyzing various firearms from multiple manufacturers, the U.S. Army awarded a contract to SIG to replace its handguns with a variant of

the P320 model pistol under the Modular Handgun System program. SIG further admits that it has

not recalled the P320 pistol.  SIG denies any remaining allegations contained in Paragraph 50 of

Plaintiff's Amended Complaint.

51.     The language quoted in Paragraph 51 of Plaintiff's Amended Complaint is

incomplete and not put into context.  To the extent Plaintiff is making any allegations in connection

with the quoted language or the referenced document, SIG denies such allegations, and SIG further

responds that the referenced document, in its full and complete version, speaks for itself.  SIG

denies the remaining allegations contained in Paragraph 51 of Plaintiff's Amended Complaint.

52.     SIG denies the allegations contained in Paragraph 52 of Plaintiff's Amended

Complaint, and SIG specifically denies that the P320 model pistol was defective in its design and

unreasonably dangerous. SIG further responds that the upgrade program remains available today

to all P320 pistol owners at no cost to the consumer.

53.      SIG denies the allegations contained in Paragraph 53 of Plaintiff's Amended

Complaint.  SIG specifically denies that the P320 model pistol was defective in its design and

unreasonably dangerous.

54.     SIG admits that it worked with the Army to make various modifications and

performance improvements to the M17/M18 pistols during 2017.  SIG denies the remaining

allegations contained in Paragraph 54 of Plaintiff's Amended Complaint as stated and further states

that the document referenced by Plaintiff speaks for itself.

55.     SIG denies the allegations contained in Paragraph 55 of Plaintiff's Amended

Complaint as stated.

56.     SIG admits that it has not issued a recall of the P320 pistol.  SIG denies knowledge

and information sufficient to form a belief as to the truth of the allegations regarding a German

entity's financial filings, but SIG denies that any such filing would relate to the P320 upgrade program which was conducted solely by SIG.  SIG denies any remaining allegations contained in Paragraph 56 of Plaintiff's Amended Complaint.

57.     SIG denies the description of the Connecticut incident as alleged in Paragraph 57 of Plaintiff's Amended Complaint.  With respect to the language attributed to the P320 owner's manual, SIG responds that the document speaks for itself.  To the extent Plaintiff is making any allegations in connection with the quoted language or the referenced document, SIG denies such allegations, and SIG denies any remaining allegations contained in Paragraph 57 of Plaintiff's Amended Complaint.

58.     SIG denies the characterization of SIG's warning contained in the P320 owner's manual and further states that the document referenced speaks for itself.  SIG denies any remaining allegations contained in Paragraph 58 of Plaintiff's Amended Complaint.

59.     SIG admits that the P320 model pistol's internal safeties prevent it from discharging without trigger rotation.  SIG denies any remaining allegations contained in Paragraph 59 of Plaintiff's Amended Complaint.

60.     SIG denies that the P320 model pistol was unreasonably dangerous as originally designed, and SIG specifically denies that the pistol can discharge without the trigger being pulled.  SIG denies any remaining allegations contained in Paragraph 60 of Plaintiff's Amended Complaint.

61.     SIG denies that the P320 model pistol was defective, either before the implementation of the upgrade program or after, and SIG denies any remaining allegations contained in Paragraph 61 of Plaintiff's Amended Complaint as stated.

62.     SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint because they are illogical.  Plaintiff alleges that SIG had knowledge of alleged defective discharges *prior* to the P320 model pistol being introduced to the marketplace, but he does not provide any details regarding what firearm model(s) SIG allegedly had knowledge was defective.  SIG denies that the P320 model pistol sold to Plaintiff was defective or that it was capable of firing without a trigger pull.

63.     SIG denies the allegations contained in Paragraph 63 of Plaintiff's Amended Complaint, and SIG specifically denies that the P320 pistol is capable of firing with the trigger being pulled.  SIG further responds that the firearm pictured in footnote 3 is not a P320 pistol, and SIG denies any allegations contained in footnote 3.

64.     SIG admits that in February 2016, a Roscommon, Michigan Sheriff's Deputy was involved in a negligent discharge incident involving a P320 pistol.  SIG further responds that the Roscommon County Sheriff's Office investigated the incident and determined that the seatbelt buckle in the deputy's cruiser became entangled in the trigger area of his holstered pistol, causing the trigger to be pulled as the deputy exited his vehicle.  SIG further admits that the deputy's bodycam was on at the time of the discharge, but denies that the subject P320 pistol, holster or seatbelt are visible on the video.  SIG denies any remaining allegations contained in Paragraph 64 of Plaintiff's Amended Complaint.

65.     SIG admits that it is aware of alleged incidents of negligent discharges in Surprise, AZ in 2016, but SIG denies that those discharges occurred without a trigger pull as alleged in Paragraph 65 of Plaintiff's Amended Complaint.  SIG further responds that following an investigation of the incidents, the Surprise Police Department determined that the P320 pistol

discharged after the officer's seatbelt became entangled in the trigger area of their firearms causing the trigger to be pulled.

66.     SIG denies the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint.  These incidents were not responsive to discovery requests in that action because the investigating agencies determined that the P320 pistols in those cases discharged when seat belt buckles got into the trigger guard and caused the pistols' triggers to be pulled.

67.     SIG admits that it is aware of an alleged incident that occurred in October 2016 in South Carolina involving Mr. Frankenberry, but SIG denies that the subject P320 pistol discharged in that incident without a trigger pull.  SIG denies any remaining allegations contained in Paragraph 67 of Plaintiff's Amended Complaint.

68.     SIG admits that it is aware of an incident involving a Holmes Beach, Florida officer who was injured when his P320 pistol discharged following an overnight shift.  SIG further responds that the investigation into that incident determined that the officer inadvertently pulled the trigger as he was attempting to unload the pistol.  SIG denies any remaining allegations contained in Paragraph 68 of Plaintiff's Amended Complaint.

69.     The allegations contained in Paragraph 69 lack sufficient specificity to permit a meaningful response and as such SIG denies the allegations contained in Paragraph 69 of Plaintiff's Amended Complaint.  Upon information and belief, the incidents described in Paragraph 69 of Plaintiff's Amended Complaint, to the extent true, did not involve a P320 model pistol.

70.     SIG admits that a Connecticut police officer alleged that he was injured when he dropped an unsecured P320 pistol while transporting it to his vehicle, but SIG denies the remaining allegations contained in Paragraph 70 of Plaintiff's Amended Complaint.

15

71.     SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in Paragraph 71 of Plaintiff's Amended Complaint, but denies any remaining allegations contained in Paragraph 71 of Plaintiff's Amended Complaint.

72.     SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in Paragraph 72 of Plaintiff's Amended Complaint, but denies any remaining allegations contained in Paragraph 72 of Plaintiff's Amended Complaint.

73.     SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in Paragraph 73 of Plaintiff's Amended Complaint, but denies any remaining allegations contained in Paragraph 73 of Plaintiff's Amended Complaint.

74.     SIG admits that it sold P320 pistols to the Loudon County Sheriff's Office in or around June 2017, which is entirely irrelevant to this action which involves a P320 model pistol purchased by the Department of Homeland Security, not the Loudon County Sheriff's Office.  SIG denies that any of the P320 pistols sold to Loudon County Sheriff's Office discharged without a trigger pull.  SIG denies any remaining allegations contained in Paragraph 74 of Plaintiff's Amended Complaint, including any allegations contained in footnote 4.

75.     SIG admits that it was notified of an alleged negligent discharge resulting from a dropped pistol as alleged in Paragraph 75 of Plaintiff's Amended Complaint, but denies any remaining allegations contained in Paragraph 75 of Plaintiff's Amended Complaint.

76.     SIG admits that it had not been notified of any drop-related P320 incidents in the U.S. consumer market that were reported to SIG as of August 2017, when SIG's CEO made a statement to that effect.  SIG denies any allegations related to the statement contained in Paragraph 76 of Plaintiff's Amended Complaint, which speaks for itself. SIG further responds that issues related to the drop safety of the P320 model pistol are entirely irrelevant to this action where

16

Plaintiff's affirmative allegations confirm that his P320 pistol did not discharge as a result of being dropped. SIG denies the remaining allegations contained in Paragraph 76 of Plaintiff's Amended Complaint.

77.    SIG admits that it announced the "P320 Voluntary Upgrade Program" on August 8, 2017.  The language quoted in Paragraph 77 of Plaintiff's Amended Complaint is incomplete and not put into context.  To the extent Plaintiff is making any allegations in connection with the quoted language or the referenced document, SIG denies such allegations, and SIG further responds that the referenced document, in its full and complete version, speaks for itself.

78.    SIG denies the allegations contained in Paragraph 78 of Plaintiff's Amended Complaint and specifically denies that it ever stated that the P320 pistol met "federal government" standards.  SIG admits that firearms are not regulated by the Consumer Product Safety Commission and denies any allegations that it ever suggested that they were.  SIG denies any remaining allegations contained in Paragraph 78, including footnote 5, of Plaintiff's Amended Complaint as stated.

79.    SIG admits that the P320 upgrade program is voluntary and that it is designed to enhance the drop safety of P320 model pistols manufactured prior to the implementation of the program.  SIG denies the allegations contained in Paragraph 79 of Plaintiff's Amended Complaint and refers its website for complete information on the upgrade program.

80.    SIG denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of Plaintiff's Amended Complaint as stated.

81.    The allegations contained in Paragraph 81 lack sufficient specificity to permit a meaningful response and as such SIG denies the allegations contained in Paragraph 81 of Plaintiff's Amended Complaint.

82.     SIG admits that it was notified of an alleged negligent discharge of a dropped P320 pistol as alleged in Paragraph 82 of Plaintiff's Amended Complaint, but denies any remaining allegations contained in Paragraph 82 of Plaintiff's Amended Complaint.

83.     The allegations contained in Paragraph 83 lack sufficient specificity to permit a meaningful response and as such SIG denies the allegations contained in Paragraph 83 of Plaintiff's Amended Complaint.

84.     SIG admits that Loudon County, Virginia deputy sheriff Marcie Vadnais was injured when she inadvertently pulled the trigger on her P320 pistol as she was trying to remove her holstered firearm from her belt while seated in her Dodge Charger cruiser.  SIG denies the remaining allegations contained in Paragraph 84 of Plaintiff's Amended Complaint.

85.     SIG admits that it has sent supplemental information to customers reminding them of the continued availability of the free upgrade program.  SIG further admits that the P320 model pistol has never been recalled.  SIG denies any remaining allegations contained in Paragraph 85 of Plaintiff's Amended Complaint.

86.     SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 86 of Plaintiff's Amended Complaint, but denies any remaining allegations contained in Paragraph 86 of Plaintiff's Amended Complaint.

87.     SIG admits that it was notified of an incident as alleged in Paragraph 87 of Plaintiff's Amended Complaint which involved an intentional trigger pull, but denies the characterization of the incident included in Paragraph 87.  SIG denies any remaining allegations contained in Paragraph 87 of Plaintiff's Amended Complaint.

88.     SIG admits that it was notified of an incident involving the discharge of a Rancho Cucamonga police officer's P320 pistol.   SIG further responds that following an internal

18

investigation by the Rancho Cucamonga Police Department, it was determined that a set of keys attached to the outside of a bag being carried by the officer had become inserted in the trigger area of the officer's P320, causing the trigger to be pulled.  SIG denies any remaining allegations contained in Paragraph 88 of Plaintiff's Amended Complaint.

89.     SIG lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 89 of Plaintiff's Amended Complaint.

90.     SIG admits that it is aware of an alleged incident that allegedly occurred in October 2018 in Kentucky involving Mr. Mayes, but SIG denies that the subject P320 pistol discharged in that incident without a trigger pull.  SIG denies any remaining allegations contained in Paragraph 90 of Plaintiff's Amended Complaint.

91.     SIG admits that it is aware of an alleged negligent discharge incident as alleged in Paragraph 91 of Plaintiff's Amended Complaint but denies that the incident occurred without a trigger pull.  SIG denies any remaining allegations contained in Paragraph 91 of Plaintiff's Amended Complaint.

92.     SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 92 of Plaintiff's Amended Complaint but denies knowledge and information sufficient to form a belief as to the truth of the allegation contained in Paragraph 92 of Plaintiff's Amended Complaint.  SIG admits that the language quoted in footnote 6 is included in written information produced by SIG, but denies that having an armorer's certification is relevant to safe firearm handling practices as it relates to the allegations contained in Paragraph 92 of Plaintiff's Amended Complaint.

93.     SIG denies the allegations contained in Paragraph 93 of Plaintiff's Amended Complaint as stated.  Upon information and belief, the Somerville Police Department investigated

the referenced negligent discharge incident and determined that the subject P320 pistol was unsecured inside a gym bag and while it was being carried, something inside the gym bag caused the trigger to be pulled.  SIG admits that it is aware of an alleged negligent discharge incident that occurred at a firing range in the Bronx, NY, but SIG denies that the subject incident occurred without the trigger being pulled.  SIG denies any remaining allegations contained in Paragraph 93 of Plaintiff's Amended Complaint.

94.     SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 94 of Plaintiff's Amended Complaint, but denies any remaining allegations contained in Paragraph 94 of Plaintiff's Amended Complaint.  SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 94 of Plaintiff's Amended Complaint.

95.     SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of Plaintiff's Amended Complaint, but SIG denies that the P320 pistol could have discharged without a trigger pull.

96.     SIG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of Plaintiff's Amended Complaint, but SIG denies that the P320 pistol could have discharged without a trigger pull.

97.     SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 97 of Plaintiff's Amended Complaint, but denies any remaining allegations contained in Paragraph 97 of Plaintiff's Amended Complaint.

98.     SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 98 of Plaintiff's Amended Complaint, but denies any remaining allegations contained in Paragraph 98 of Plaintiff's Amended Complaint.

99.     SIG admits that Major Villani issued a report on his purported inspection of a P320 model pistol as alleged in Paragraph 99, but SIG denies that the information contained in Major Villani's report is accurate.  SIG denies any remaining allegations contained in Paragraph 99 of Plaintiff's Amended Complaint.

100.     SIG admits that it was notified of an alleged negligent discharge as alleged in Paragraph 100 of Plaintiff's Amended Complaint, but denies any remaining allegations contained in Paragraph 100 of Plaintiff's Amended Complaint.

101.     SIG denies knowledge and information sufficient to form a belief as to the truth of the matters contained in Paragraph 101 of Plaintiff's Amended Complaint.

102.     SIG denies the allegations contained in Paragraph 102 of Plaintiff's Amended Complaint.

102a.   SIG denies knowledge and information sufficient to form a belief as to the truth of the matters contained in Paragraph 102a. of Plaintiff's Amended Complaint.

103.     The allegations contained in Paragraph 103 lack sufficient specificity to permit a meaningful response and as such SIG denies the allegations contained in Paragraph 103 of Plaintiff's Amended Complaint.

104.     The allegations contained in Paragraph 104 lack sufficient specificity to permit a meaningful response and as such SIG denies the allegations contained in Paragraph 104 of Plaintiff's Amended Complaint.

105.     SIG admits that there have been prior instances of negligent discharges at the Sig Sauer Academy, but denies the allegations contained in Paragraph 105 of Plaintiff's Amended Complaint as stated.

106.     SIG admits that certain of the language cited in Paragraph 106 of Plaintiff's Amended Complaint appeared in an interview of SIG's former Chief Financial Officer, but the statements are incomplete and not put into context.  As such, SIG denies any allegations contained within Paragraph 106 of Plaintiff's Amended Complaint and further state that the document speaks for itself as to the statements attributed to Mr. Scullin.

107.     SIG denies the allegations contained in Paragraph 107 of Plaintiff's Amended Complaint as stated.

## COUNT I

## (Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2308(a))

108.     In response to Paragraph 108 of Plaintiff's Amended Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 107 as though fully set forth herein.

109.     The allegations contained in Paragraph 109 of Plaintiff's Amended Complaint contain legal conclusions and, as such, SIG denies such allegations and holds Plaintiff to his proof. SIG respectfully refers all questions of law to this Honorable Court.

110.     The allegations contained in Paragraph 110 of Plaintiff's Amended Complaint contain legal conclusions and, as such, SIG denies such allegations and holds Plaintiff to his proof. SIG respectfully refers all questions of law to this Honorable Court.

111.     The allegations contained in Paragraph 111 of Plaintiff's Amended Complaint contain legal conclusions and, as such, SIG denies such allegations and holds Plaintiff to his proof. SIG respectfully refers all questions of law to this Honorable Court.

112.    SIG denies the allegations contained in Paragraph 112 of Plaintiff's Amended Complaint as alleged, and respectfully refers all questions of law to this Honorable Court.  SIG specifically denies the subject P320 pistol could have discharged without the trigger being pulled.

113.    SIG denies the allegations contained in Paragraph 113 of Plaintiff's Amended Complaint as alleged, and respectfully refers all questions of law to this Honorable Court.

114.    SIG denies the allegations contained in Paragraph 114 of Plaintiff's Amended Complaint as alleged, and respectfully refers all questions of law to this Honorable Court.

115.    SIG denies the allegations contained in Paragraph 115 of Plaintiff's Amended Complaint as alleged, and respectfully refers all questions of law to this Honorable Court.

116.    SIG denies the allegations contained in Paragraph 116 of Plaintiff's Amended Complaint as alleged, and respectfully refers all questions of law to this Honorable Court.

## COUNT II

### (Negligence)

117.    In response to Paragraph 117 of Plaintiff's Amended Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 116 as though fully set forth herein.

118.    SIG admits that certain duties are owed with respect to the design, manufacture and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties.  SIG denies any remaining allegations contained in Paragraph 118 of Plaintiff's Amended Complaint, and respectfully refers all questions of law to this Honorable Court.

119.    SIG admits that certain duties are owed with respect to the design, manufacture and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such

duties.  SIG denies any remaining allegations contained in Paragraph 119 of Plaintiff's Amended Complaint, and respectfully refers all questions of law to this Honorable Court.

120.     SIG admits that certain duties are owed with respect to the design, manufacture and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties.  SIG denies any remaining allegations contained in Paragraph 120 of Plaintiff's Amended Complaint, and respectfully refers all questions of law to this Honorable Court.

121.     SIG denies the allegations contained in Paragraph 121 of Plaintiff's Amended Complaint.

122.     SIG denies the allegations contained in Paragraph 122 of Plaintiff's Amended Complaint, including the allegations contained in subparts i. – viii., and respectfully refers all questions of law to this Honorable Court.

123.     SIG denies the allegations contained in Paragraph 123 of Plaintiff's Amended Complaint, and respectfully refers all questions of law to this Honorable Court.

124.     SIG denies the allegations contained in Paragraph 124 of Plaintiff's Amended Complaint, and respectfully refers all questions of law to this Honorable Court.

125.     SIG denies the allegations contained in Paragraph 125 of Plaintiff's Amended Complaint, and respectfully refers all questions of law to this Honorable Court.

126.     SIG denies the allegations contained in Paragraph 126 of Plaintiff's Amended Complaint, and respectfully refers all questions of law to this Honorable Court.

## COUNT III

### (Breach of Implied Warranty of Merchantability)

127. In response to Paragraph 127 of Plaintiff's Amended Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 126 as though fully set forth herein.

128. SIG admits that it markets, sells and distributes certain firearms, including the P320 model pistol, but denies any remaining allegations contained in Paragraph 128 of Plaintiff's Amended Complaint.

129. SIG denies the allegations contained in Paragraph 129 of Plaintiff's Amended Complaint as alleged, and respectfully refers all questions of law to this Honorable Court.

130. SIG denies the allegations contained in Paragraph 130 of Plaintiff's Amended Complaint, including the allegations contained in subparts i. – vi., and respectfully refers all questions of law to this Honorable Court.

131. SIG denies the allegations contained in Paragraph 131 of Plaintiff's Amended Complaint, and respectfully refers all questions of law to this Honorable Court.

132. SIG denies the allegations contained in Paragraph 132 of Plaintiff's Amended Complaint, and respectfully refers all questions of law to this Honorable Court.

## COUNT IV

### (Breach of Express Warranty)

133. In response to Paragraph 133 of Plaintiff's Amended Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 132 as though fully set forth herein.

134.     SIG admits that it markets, sells and distributes certain firearms, including the P320 model pistol, but denies any remaining allegations contained in Paragraph 134 of Plaintiff's Amended Complaint.

135.     The allegations contained in Paragraph 135 of Plaintiff's Amended Complaint contain legal conclusions and, as such, SIG denies such allegations and holds Plaintiff to his proof. SIG respectfully refers all questions of law to this Honorable Court.

136.     SIG denies the allegations contained in Paragraph 136 of Plaintiff's Amended Complaint, and respectfully refers all questions of law to this Honorable Court.

137.     SIG denies the allegations contained in Paragraph 137 of Plaintiff's Amended Complaint, including the allegations contained in subparts i. – vii., and respectfully refers all questions of law to this Honorable Court.

138.     SIG denies the allegations contained in Paragraph 138 of Plaintiff's Amended Complaint, and respectfully refers all questions of law to this Honorable Court.

## **COUNT V**

### **(Intentional Infliction of Emotional Distress)**

139.     In response to Paragraph 139 of Plaintiff's Amended Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 138 as though fully set forth herein.

140.     SIG denies the allegations contained in Paragraph 140 of Plaintiff's Amended Complaint.

141.     SIG admits that it has not recalled of the P320 pistol.  SIG denies all remaining allegations contained in Paragraph 141 of Plaintiff's Amended Complaint.

142.     SIG denies the allegations contained in Paragraph 142 of Plaintiff's Amended Complaint, including specifically denying the allegations that it acted irresponsibly or that the subject P320 pistol is defective.

143.     SIG denies the allegations contained in Paragraph 143 of Plaintiff's Amended Complaint.

144.     SIG denies the allegations contained in Paragraph 144 of Plaintiff's Amended Complaint, and respectfully refers all questions of law to this Honorable Court.

145.     SIG denies the allegations contained in Paragraph 145 of Plaintiff's Amended Complaint, and respectfully refers all questions of law to this Honorable Court.

146.     SIG denies the allegations contained in Paragraph 146 of Plaintiff's Amended Complaint, and respectfully refers all questions of law to this Honorable Court.

## COUNT VI

### (Negligent Infliction of Emotional Distress)

147.     In response to Paragraph 147 of Plaintiff's Amended Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 146 as though fully set forth herein.

148.     SIG admits that certain duties are owed with respect to the design, manufacture and sale of certain products, including the P320 model pistol, but SIG denies that it breached any such duties.  SIG denies any remaining allegations contained in Paragraph 148 of Plaintiff's Amended Complaint, and respectfully refers all questions of law to this Honorable Court.

149.     SIG denies the allegations contained in Paragraph 149 of Plaintiff's Amended Complaint, and respectfully refers all questions of law to this Honorable Court.

150.   SIG denies the allegations contained in Paragraph 150 of Plaintiff's Amended Complaint, and respectfully refers all questions of law to this Honorable Court.

## COUNT VII

### (Violation of New Hampshire Revised Statutes Annotated § 358-A-1 *et seq*.)

151.   In response to Paragraph 151 of Plaintiff's Amended Complaint, SIG repeats, reiterates and realleges each and every response to Paragraph 1 through Paragraph 150 as though fully set forth herein.

152.   SIG denies the allegations contained in Paragraph 152 of Plaintiff's Amended Complaint, and respectfully refers all questions of law to this Honorable Court.

153.   SIG denies the allegations contained in Paragraph 153 of Plaintiff's Amended Complaint, and respectfully refers all questions of law to this Honorable Court.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Sig Sauer, Inc., by counsel, respectfully requests that nothing be taken by way of Plaintiff's Amended Complaint, that judgment be entered in SIG's favor, and for all other relief as is just and proper.

## AFFIRMATIVE DEFENSES

### AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Amended Complaint herein, and each and every cause of action as presently contained therein, fails to state facts sufficient to constitute a valid cause of action upon which relief may be granted as against this answering Defendant.

**AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE**

If Plaintiff incurred any damages as alleged in the Amended Complaint, such damages were incurred wholly as a result of modification and/or alteration of the product at issue, without any negligence or breach of warranty on behalf of Defendant.

**AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE**

The damages alleged to have been sustained by the Plaintiff were caused in whole or in part by the negligence and culpable conduct of the Plaintiff and, therefore, the amount of damages, if any, recovered by the Plaintiff should be reduced pursuant to N.H. R.S.A. Section 507:7-d in that proportion to which the culpable conduct attributed to the Plaintiff and/or other parties bears to the culpable conduct which caused said purported damages.

**AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE**

Plaintiff was careless and negligent in and about the matters alleged in the Complaint, and this carelessness and negligence on Plaintiff's part acted as the cause of Plaintiff's injuries, loss and damages complained of, such that Plaintiff is barred and precluded from recovering all, or such portion of, Plaintiff's damages to the extent that the Plaintiff was responsible therefore.

**AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE**

That at the time and place of the incident described in Plaintiff's Amended Complaint on file herein, and prior thereto, Plaintiff had knowledge of all risks and danger of loss and that said risks and dangers were obvious and apparent and further known by the Plaintiff and voluntarily assumed by him.

## **AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE**

If the Plaintiff in this action sustained injuries, such injuries were due, either in whole or in part, to the negligence of third-parties over whom this answering Defendant had no control or right to exercise such control.

## **AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff has failed to mitigate his damages as required under law.

## **AS AND FOR DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiff or other persons were negligent in the care and/or maintenance of the product at issue, and any loss, damage or injury, sustained by the Plaintiff, was solely, actually, directly and legally caused thereby.

## **AS AND FOR DEFENDANT'S NINTH AFFIRMATIVE DEFENSE**

While the Defendant denies the allegations of negligence, breach of warranty, liability, injury and damages, if proven, they were the result of intervening and/or interceding acts of superseding negligence and/or on the part of parties over which the Defendant neither controls nor has/had the right to control, and for which acts or omissions the Defendant is not legally responsible.

## AS AND FOR DEFENDANT'S TENTH AFFIRMATIVE DEFENSE

Defendant asserts that this action is subject to N.H. R.S.A. Section 507:7-e, and in accordance with the limitations of joint and several liability, Defendant cannot be held liable in excess of its proportionate share of liability.

## AS AND FOR DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE

Defendant breached no duty to Plaintiff.

## AS AND FOR DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE

In the event that Plaintiff recovers a judgment against Defendant, in whole or in part, for damages allegedly sustained by the Plaintiff, this answering Defendant is entitled to a set-off reduction for any damages awarded for economic loss, and for any such past or future costs or expenses which were or will, with reasonable certainty, be reimbursed or indemnified in whole or in part from any collateral source including, but not limited to insurance.

## AS AND FOR DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE

Any oral warranties upon which Plaintiff relied are inadmissible and unavailable because of the provision of the applicable statute of frauds as provided in the Uniform Commercial Code ("UCC") Section 2-201.

## AS AND FOR DEFENDANT'S FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to give proper and prompt notice of any alleged breach of warranty to the Defendant and, accordingly, any claims based on breach of warranty are barred according to the provisions of UCC Section 2-607.

## AS AND FOR DEFENDANT'S FIFTEENTH AFFIRMATIVE DEFENSE

In the event that any person or entity liable or claimed to be liable for the injuries and damages alleged in this action has been given or may thereafter be given a release or a covenant not to sue, this Defendant will be entitled to protection and the corresponding reduction of any damages which may be determined to be due against this Defendant.

## AS AND FOR DEFENDANT'S SIXTEENTH AFFIRMATIVE DEFENSE

The Defendant reserves all rights to rely upon further defenses which become available or arise during discovery proceedings in this action, and hereby specifically reserves the right to amend its Answer for the purposes of asserting any such additional defenses.

## AS AND FOR DEFENDANT'S SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims as alleged in the Amended Complaint are, in whole or in part, including any breach of warranty claim, barred by the appropriate statute of limitations.

## AS AND FOR DEFENDANT'S EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims as alleged in the Amended Complaint are, in whole or in part, including any breach of warranty claim, barred by estoppel.

## AS AND FOR DEFENDANT'S NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims as alleged in the Amended Complaint are, in whole or in part, including any breach of warranty claim, barred by waiver.

## AS AND FOR DEFENDANT'S TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by the "knowledgeable user" or "knowledgeable intermediary" doctrine.

## AS AND FOR DEFENDANT'S TWENTY-FIRST AFFIRMATIVE DEFENSE

There is no basis in law or fact for the imposition of punitive damages with respect to Plaintiff's claims against SIG.  There is no clear and convincing evidence that SIG was guilty of willful misconduct, malice, fraud, wantonness, oppression or entire want of care that would raise the presumption of conscious indifference to the consequences and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum whatsoever.

## AS AND FOR DEFENDANT'S TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint, to the extent it seeks recovery of exemplary or punitive damages, violates SIG's right to protection from "excessive fines" as provided by the Eighth Amendment to the United States Constitution and right to procedural due process under the Fourteenth Amendment of the United States Constitution, and therefore, fails to state a cause of action or set forth a claim upon which such damages can be awarded.  The claim for "punitive damages" is barred by the provisions of Article VI of the Constitution of the United States.

## **AS AND FOR DEFENDANT'S TWENTY-THIRD DEFENSE**

SIG reserves its right to amend this Answer as may be needed based on additional information learned through discovery.

## **JURY DEMAND**

SIG hereby demands a jury trial in accordance with Rule 38 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Sig Sauer, Inc. respectfully requests that this Court enter judgment herein dismissing Plaintiff's Amended Complaint against it in its entirety, together with such other, further and different relief as this Court deems just and proper, and in the event that Plaintiff obtains a verdict against SIG, demands that such verdict be reduced by the amount of Plaintiff's culpable conduct.

DATED at Portland, Maine this 18th day of September, 2020.

/s/ Mark V. Franco
Mark V. Franco, Esq., NH Bar No. 16708
*Counsel for Defendant*

**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, ME 04101
Tel. (207) 772-1941
Mfranco@dwmlaw.com

## **CERTIFICATE OF SERVICE**

I, Mark V. Franco, hereby certify that on this 18th day of September, 2020, I caused

the foregoing to be filed with the Clerk of Court using the CM/ECF system which will send

electronic service of same to all counsel of record.

/s/ Mark V. Franco
Mark V. Franco, Esq., NH Bar No. 16708
*Counsel for Defendant*

**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, ME 04101
Tel. (207) 772-1941
Mfranco@dwmlaw.com