UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **KYLE GUAY,**<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**SIG SAUER, INC.,**<br><br>　　　　　Defendant. | Civil Action No.: 1:20-CV-00736-AJ |

## DISCOVERY PLAN
### Fed. R. Civ. P. 26(f)

**DATE/PLACE OF CONFERENCE:** October 20, 2020 via teleconference

**COUNSEL PRESENT/REPRESENTING:**

Benjamin King, Esq. and Jeffrey Bagnell, Esq. for Plaintiff Kyle Guay;

Mark Franco, Esq. and Brian Keith Gibson, Esq. for Defendant Sig Sauer, Inc.

## CASE SUMMARY

**THEORY OF LIABILITY:**

In this action, Plaintiff seeks damages and equitable relief relating to defendant Sig Sauer, Inc.'s alleged negligence and defective design regarding a semi-automatic firearm. Specifically, this case involves a striker-fired, semi-automatic gun known as the "P320" that has fired on law enforcement agents and civilians across the nation over the last four years without the trigger being pulled.

**THEORY OF DEFENSE:**

It is Sig Sauer's position that the design of the P320 model pistol prevents the pistol from firing without a trigger pull due to multiple internal safeties. As a result, it is Sig Sauer's position that the subject incident, and other prior incidents referenced by plaintiff, resulted from an inadvertent trigger pull.

**DAMAGES:**

Plaintiff seeks recovery of economic and non-economic damages resulting from the incident and the personal injuries he sustained during same. Plaintiff seeks compensatory damages, as well as enhanced damages to the extent available.

**JURISDICTIONAL QUESTIONS:**  None at this time.

**QUESTIONS OF LAW:**  None at this time.

**TYPE OF TRIAL:** Jury

## SCHEDULE

**TRACK ASSIGNMENT:**  STANDARD – 12 MONTHS

**TRIAL DATE:**   March 14, 2022

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** None known currently.

**AMENDMENT OF PLEADINGS:**

Plaintiff:  November 15, 2020          Defendant:  December 15, 2020

**JOINDER OF ADDITIONAL PARTIES:**

Plaintiff:  November 15, 2020          Defendant:  December 15, 2020

**THIRD-PARTY ACTIONS:**  February 15, 2021

**MOTIONS TO DISMISS:**  January 27, 2021

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

**Plaintiff:        May 1, 2021          Defendant:      July 1, 2021**

**Supplementations under Rule 26(e) due:   August 15, 2021**

**COMPLETION OF DISCOVERY:  October 30, 2021**

**MOTIONS FOR SUMMARY JUDGMENT: December 10, 2021**

**CHALLENGES TO EXPERT TESTIMONY:  January 21, 2021**

## DISCOVERY

**DISCOVERY NEEDED:**

<u>Plaintiff</u>:
Prior incidents of un-commanded discharges of the P320 and Defendant's knowledge of same. Inspection and possible CT scan of the subject pistol.

<u>Defendant</u>:
Details on the subject incident, plaintiff's injuries and claimed damages. Expert discovery regarding plaintiff's theory of defect and causation.

**INTERROGATORIES:** A maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. Civ. P. 29.

**REQUESTS FOR ADMISSION:** A maximum of 20 requests for admission by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:** A maximum of 10 depositions by plaintiff and 10 depositions by defendant. Each deposition is limited to a maximum of 7 hours unless extended by agreement of the parties.

**ELECTRONIC DISCOVERY:** The parties do anticipate exchanging electronic discovery with the information produced in common formats (.pdf, .jpeg, etc.). Counsel for plaintiff and national counsel for plaintiff have engaged in discovery in several other actions and have not had any issues with the format of electronic discovery produced in those cases.

The parties anticipate filing an Assented Motion for a Protective Order regarding the confidentiality of information produced during discovery.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

The parties will abide by Fed. R. Evid. 502 regarding the inadvertent disclosure of privileged information, irrespective of the format the information is produced in. The parties further agree that such inadvertent production of any privileged materials will not waive a party's claim of privilege provided the party claiming privilege takes reasonable steps to rectify the error, including complying with the requirements of Fed. R. Civ. P. 26(b)(5)(B).

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES:** Potential settlement cannot be evaluated prior the parties engaging in expert discovery regarding plaintiff's alleged defect and causation.

- 4 -

**JOINT STATEMENT RE MEDIATION:** The parties will notify the Court whether mediation will occur following the exchange of expert reports and depositions of the parties' liability experts.

**TRIAL ESTIMATE:** 10 days

**WITNESS AND EXHIBITS:**

- Witness and exhibit lists, included in final pretrial statements, are due 10 days before final pretrial conference but not less than 30 days before trial.

- Objections are due 14 days after service of final pretrial statements.

**PRELIMINARY PRETRIAL CONFERENCE:** The parties request a preliminary pretrial conference with the court before entry of the scheduling order.

**OTHER MATTERS:** None at this time.

Dated: October 22, 2020        /s/ Benjamin T. King
Benjamin T. King, NH Bar #12888
*Counsel for Plaintiff*
**DOUGLAS, LEONARD & GARVEY, P.C.**
14 South Street, Suite 5
Concord, NH 03301
(603) 224-1988
(603) 229-1988 (fax)
benjamin@nhlawoffice.com

Dated: October 22, 2020        /s/ Mark V. Franco
Mark V. Franco, Esq., NH Bar No. 16708
*Counsel for Defendant*
**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, ME 04101
Tel. (207) 772-1941
Mfranco@dwmlaw.com

## CERTIFICATE OF SERVICE

I, Mark V. Franco, Esq., hereby certify that on the 22nd day of October, 2020, the foregoing was filed with the Clerk of Court using the CM/ECF filing system, which will automatically serve a copy of same on all counsel of record via electronic mail.

/s/ Mark V. Franco<br>
Mark V. Franco, Esq., Bar No. 16708<br>
*Attorney for Defendant*

**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, ME  04101-2480
Tel: (207) 772-1941
mfranco@dwmlaw.com