UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Kyle Guay</u>

   v.                                                                 Civil No. 20-cv-736-LM

<u>Sig Sauer, Inc.</u>

**FINAL PRETRIAL ORDER**

1. <u>Date of Pretrial Conference</u>: July 6, 2022.

2. <u>Counsel Present</u>: Attorneys Jeff Bagnell and Benjamin King for the plaintiff, and Attorneys Kristen Dennison, Mark Franco, Brian Keith Gibson, and Robert Joyce for the defendant.

3. <u>Type of Trial</u>: Jury.

4. <u>Date of Trial</u>: July 19, 2022.

5. <u>Estimated Length of Trial</u>: 5 days.

6. <u>Pending Motions</u>: Document nos. 26, 27, 28, 43, 44, 45, 46, 47, 48 & 53.

   <u>Motions to Exclude Plaintiff's expert witnesses (doc. nos. 26 & 27)</u>
   The court heard testimony and argument on these motions at yesterday's hearing. As the court explained orally at the hearing, the court is denying both motions and will issue a written order explaining the ruling in advance of trial. The court will resolve the pending motion for summary judgment (doc. no. 28) in the same written order.

   <u>Motions in Limine</u>
   As the court explained during yesterday's hearing, it can be difficult to rule on motions in limine out of the context of the evidence at trial. The parties should be prepared to renew any of these motions at trial to give the court an opportunity to rule on the issue in the context of the evidence at trial.

   At yesterday's hearing, the court heard from the parties and issued preliminary oral rulings on each of the pending motions. A brief summary of the court's rulings follows:

- <u>Document no. 43</u> (Defendant's Motion in Limine No. 1).  This motion contains a list of 19 boilerplate requests ("Omnibus Motion") without any factual context.  As plaintiff does not object to 17 of the requests, the court grants those 17 requests to the limited extent that the court agrees that the Rules of Evidence will apply in this trial.

  <u>With respect to request #8</u>, the court grants it in part and denies it in part.  For the reasons explained orally at the hearing, the motion is granted to the extent that the court's local rules require that opening statements be "nonargumentative."  Additionally, the court agrees that discussing other "well known" products such as automobiles that had defects that caused them to go up in flames is inflammatory and improper during an opening statement. The motion is denied to the extent it would seek to prohibit plaintiff from noting that manufactured products can have defects.

  <u>With respect to request #15</u>, the motion is denied.  There is no basis offered at this point to exclude photographs of plaintiff's injuries.

- <u>Document no. 44</u> (Defendant's Motion in Limine No. 2 to exclude evidence of other alleged incidents involving accidental discharges of P320 model pistols).

  Plaintiff proffers five videos that purport to show other P320 pistols misfiring.  Defendant moves to exclude them on several bases, including that the videos are irrelevant and prejudicial—as they are not substantially similar to the alleged misfiring that occurred here.  The court inquired about authentication.  Plaintiff conceded that he has no witnesses who can authenticate these videos and lay a foundation for admissibility.  Without evidence to authenticate these videos, they are not admissible.  The motion is therefore granted.  Should plaintiff obtain witnesses who could authenticate these videos (even if the witnesses can only appear remotely for the trial), the court will entertain a motion to reconsider its ruling.

- <u>Document no. 45</u> (Defendant's Motion in Limine No. 3 to preclude information regarding the P320 voluntary upgrade program).  This motion is denied for all the reasons stated orally on the record.

- <u>Document no. 46</u> (Defendant's Motion in Limine No. 4 to exclude the improper lay opinions of Sgt. Hodgen and Officer Bannister and hearsay statements contained in the Hillsboro Police Department Incident Report).  For the reasons explained on the record, this motion

is granted in limited part only with respect to small portions of the incident reports that reference unidentifiable internet searches and conclusions about the P320 misfiring. Counsel shall redact those portions of the incident report referenced at yesterday's hearing.

Specifically, the parties shall redact the ==highlighted== text in the following excerpts from the incident report:

> I did research on line about the type of firearm that was used in this incident. That firearm was a Sig Sauer P320. In going through the old news articles I was able to determine that there had been a voluntary recall on this firearm by Sig Sauer ==because several had gone of without the trigger being pulled. I learned that this particular model was originally manufactured with a heavier trigger that has been having drop failures and accidental discharges==. Sig Sauer has a voluntary recall program in which folks can have the discrepancies in their original model repaired. I learned from Officer Bannister that KYLE had told him about the recall and that he had not had his firearm fixed as of yet. ==Some of the information I was able to research on the Internet was printed off and attached to this case file.==
>
> . . .
>
> Sgt. Hodgen did look up information regarding the P320 firearm, and did find that there is a voluntary recall in regards to this firearm ==having accidental and improper discharges. These issues appear to stem from a certain trigger assembly, which appears to be the same trigger assembly on this firearm.== It is my belief that the firearm did go off accidentally, and inside the holster as stated by KYLE.

- <u>Document no. 47</u> (Defendant's Motion in Limine No. 5 to preclude all evidence or argument regarding negligent or intentional infliction of emotional distress). This motion is denied.

- <u>Document no. 48</u> (Defendant's Motion in Limine No. 6 to preclude evidence or argument pertaining to abandoned design defect claims). This motion is denied.

      Motion to Strike

- Document no. 53 (Defendant's motion to strike plaintiff's amended pretrial statement). The motion is denied to the extent it seeks to strike from plaintiff's witness list the two investigating police officers (Hodgen and Bannister) on the date of the incident. Counsel agreed to meet and confer and attempt to resolve the disputes remaining in the motion to strike.

7. Motions: To the extent counsel has any further disputed evidentiary or other legal questions that can be resolved before trial, the court will entertain these matters at a video status conference on **July 14, 2022, at 10:00 a.m.** To the extent that the dispute requires detailed legal research, any written memoranda shall be filed on or before **July 12, 2022, at noon**. Any responses thereto shall be filed on or before **July 13 at noon**.

8. Jury Selection: Court to issue separate order today which will also address attorney-conducted voir dire.

9. Exhibits: One thumb drive and one paper copy of the exhibits are to be premarked and submitted to the Clerk's office not later than **July 12, 2022,** in accordance with the document entitled "Procedure For Marking Exhibits" which is attached hereto and made a part hereof. **All exhibits must also be produced in digital duplicate with exhibit markers on them. This is the set of exhibits that will be used for the record in the event the case is appealed.** Counsel shall notify each other at the time the exhibits are submitted if any custodian will be required for any exhibit.

10. Deposition Transcripts: Prior to trial, parties shall stipulate with respect to portions of any videotaped (or other) deposition testimony that any party intends to admit. The court anticipates that the parties will negotiate in good faith to avoid litigating the admissibility of portions of any deposition transcript. To the extent the parties cannot reach a stipulation, they shall bring any disputes to the attention of the court on or before the **July 14, 2022** hearing. Any disputes regarding admissibility of portions of deposition testimony shall be presented in a motion that outlines the disagreements and attaches the entire deposition transcript or those portions necessary for the court to issue a ruling. The disagreements shall be outlined in chart format as follows (or in substantially similar fashion):

| Page/Line | Basis for Admissibility | Basis for objection |
|---|---|---|
|  |  |  |
|  |  |  |

Additionally, on or before the July 14 hearing, counsel shall submit any agreed-upon instruction to give the jury at the time that the deposition evidence is admitted.

11. Public Access: The court will issue a public access order.

12. Reserved Seating and Masking in the Courtroom: All people will be required to wear a mask in the courtroom during the trial. The court will provide a mask to anyone who arrives without one. Each side is allowed no more than a total of five attorneys (or legal assistants) in the well of the courtroom. Each side will have 10 reserved seats in the public gallery of the courtroom. The general public will have 5 additional seats that will be assigned on a "first come, first serve" basis. To the extent a party needs an additional reserved seat in the gallery of the trial courtroom, that party must seek the approval of the court's case manager—who will coordinate with the court staff in advance of the trial date. There will be an "overflow" courtroom for 25 additional people where masks will be required. Seats will be available in the overflow courtroom on a "first come, first serve" basis.

13. Electronic Evidence: JERS shall be used in this case. The parties are directed to the United States District Court's policy regarding electronic evidence which applies in this case. See Presenting Electronic Evidence to Deliberating Petit Jurors located at http://www.nhd.uscourts.gov/jury-evidence-recording-system-jers. JERS exhibits are due to the Clerk's Office on a thumb drive not later than **July 12, 2022**. Note that the JERS thumb drive is different from the thumb drive referred to in paragraph 20 (Exhibits). Follow instructions that apply to JERS exhibits.

14. "Will-Call" Witness List: The parties shall exchange and file a list of witnesses they intend to call at trial at the time they pre-mark and submit exhibits. The parties will be bound by the witnesses disclosed in this list absent extraordinary circumstances.

15. Efficient Use of Jury Time: To the extent possible, parties shall anticipate and notify the court of any evidentiary disputes that can be discussed outside the presence of the jury. The court intends to utilize jury time in the most efficient manner possible. **This is especially true during this pandemic.** The court will give counsel an opportunity to alert the court at each break

during the trial and at the beginning and end of each day of trial.  The court will meet with counsel at least one-half hour before the trial is scheduled to begin each day of trial.  Counsel should anticipate meeting with the court at the end of each day of trial, as necessary.

16. <u>Confirm Date and Time of Jury Selection</u>:  In order to utilize the court's resources to the fullest extent and keep counsel informed as to their status on the trial list, counsel are directed to call Courtroom Deputy Donna Esposito at (603) 225-1623 to confirm the date and time of jury selection.

   **SO ORDERED.**

                                                      _____
                                                      Landya McCafferty
                                                      United States District Judge

July 7, 2022

cc:  Counsel of Record