IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| KYLE GUAY, | |
| Plaintiff, | |
| v. | Civil Action No.: 1:20-CV-00736-LM |
| SIG SAUER, INC., | |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO
STRIKE AMENDED PRETRIAL STATEMENT**

Plaintiff Guay objects to Sig's Motion for the following reasons:

First, Guay did seek an extension of time to file his pretrial statement, which was granted
on June 17, 2022. Plaintiff explained in that Motion that additional time was needed because of
Sig's lawsuit against undersigned counsel, which was filed on the very day the Court assigned
the case for trial, March 2, 2022. He noted that that lawsuit had required the expenditure of
hundreds of hours of time responding to and working with his counsel to respond to it during the
very same period after the Court set a trial date in this matter. (Docket No. 51). Undersigned
counsel's lawyers in that action also noted that the timing of the lawsuit was clearly intended to
interfere with undersigned counsel's ability to prepare this case for trial, which it has.

Undersigned counsel submits that to the extent a second motion was required to file an
amended pretrial statement, he submits that there is good cause for such an extension *nunc pro
tunc* and will file a separate Motion asking for that relief. Plaintiff will not read into the record
the SEPTA testimony listed in the amened pretrial statement. However, Sig's prior Rule
30(b)(6) testimony in 2019 is admissible as of right under Federal Civil Rule 32(a)(3):

(3) *Deposition of Party, Agent, or Designee.* An adverse party may use *for any purpose* the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).

(emphasis supplied).

This is Sig's own testimony given many years ago on January 10, 2019. Sig has had every opportunity to review it and consider what impact it could have on any given case for years. It is free to call witnesses to the stand to try to explain or otherwise discuss it. But to claim its use is somehow unfairly prejudicial is not credible.

There is not a single exhibit listed in plaintiff's exhibit list that is new to Sig or which it has not known about, in some cases, for years. Under these circumstances, Sig's claim of unfair prejudice, after suing undersigned counsel during the trial preparation period, is also not credible.

For the reasons stated, Guay respectfully requests that Sig's Motion be denied.

Respectfully submitted,
KYLE GUAY
By his attorneys,
JEFFREY S. BAGNELL, ESQ., LLC

Date: July 11, 2022            By:   /s/ *Jeffrey S. Bagnell*
                                     Jeffrey S. Bagnell
                                     Federal Bar No. CT18983
                                     Admitted Pro Hac Vice
                                     Jeffrey S. Bagnell, Esq., LLC
                                     55 Post Road West, Suite 200
                                     Westport, Connecticut 06880
                                     (203) 984-8820
                                     jeff@bagnell-law.com

and

                                By:   /s/ Benjamin T. King
                                     Benjamin T. King, NH Bar #12888 Douglas,
                                     Leonard & Garvey, P.C. 14 South Street,
                                     Suite 5

Concord, NH 03301
(603) 224-1988

benjamin@nhlawoffice.com

## CERTIFICATION

I hereby certify that on July 11, 2022 a copy of the foregoing was electronically filed and served on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system of by mail to anyone unable to accept electronic filing through the Court's CM/ECF System.

___/s/ *Jeffrey S. Bagnell*___
Jeffrey S. Bagnell

- 7 -