UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kyle Guay

     v.                                           Civil No. 20-cv-736-LM

Sig Sauer, Inc.

## O R D E R

On today's date, the court held a video status conference in this case to resolve outstanding pretrial issues.  Attorneys Jeff Bagnell, Benjamin King, and Megan Douglass appeared for plaintiff, and Attorneys Mark Franco, Brian Keith Gibson, and Robert Joyce appeared for defendant.

The court summarizes below the issues that were resolved and those that warrant further argument.

### SIG Sauer's motion in limine to exclude all evidence or argument concerning Negligent (NIED) and Intentional Infliction of Emotional Distress (IIED) (doc. no. 63)

For the reasons stated on the record, the motion is denied.  Under the facts as alleged in this case (i.e., where there is physical damage—a gunshot wound), an expert witness is not required under New Hampshire law to establish emotional damages for IIED.  To the extent plaintiff testifies that he actually suffered emotional harm from the gunshot wound, and his emotional injury is of a kind that would naturally result from that physical injury, and is otherwise reasonably tied to the physical harm plaintiff suffered, the jury does not need an expert to decide those damages.

With respect to the NIED claim, plaintiff agreed to withdraw his NIED claim, so the motion as to that claim is denied as moot.

### Negligent Infliction of Emotional Distress claim (Count 6)

Plaintiff agreed to withdraw Count 6.

**SIG Sauer's Objections to Plaintiff's Pretrial Statement as to Deposition excerpts (doc. no. 77)**

The court will issue a separate order on this Objection in advance of trial (likely an oral order at the 8 a.m. hearing on the first day of trial). Plaintiff agreed to withdraw the deposition excerpts with respect to John Sheppard. That leaves objections pending to the deposition excerpts of Phil Strader and Al Larochelle. Plaintiff clarified that he only intends to admit the excerpt of Mr. Larochelle at pages 53-55 (wherein Mr. Larochelle testifies about the Roscommon Michigan P320 incident).

**Roscommon video:** The court carefully reviewed Mr. Larochelle's deposition excerpt (doc. no. 77-3) after the status conference. The court previously granted SIG Sauer's motion to exclude the Roscommon video because it lacked foundation. SIG Sauer did not move to exclude on that basis, but plaintiff conceded at the hearing on that motion to exclude that he had no witness who could authenticate that video, or the other four videos. If admitted, the Larochelle excerpt (at pages 53-55), however, appears to contain sufficient authentication evidence for the Roscommon video. The court will revisit its prior ruling on that matter. Counsel should be prepared to discuss the admissibility of the Roscommon video at the 8 a.m. hearing on the first morning of trial.

**Plaintiff's claim under the Magnuson-Moss Warranty Act (Count 1)**

The court suggested to plaintiff that he consider permitting the court not to instruct on this claim because of the overlap with the state law warranty claims and the minimal relief the Act permits. The court neglected to mention that the Act permits attorney fees. The court will await plaintiff's decision on whether the jury instructions should include the elements of this claim.

**Enhanced compensatory damages**

Plaintiff seeks "punitive" damages but those are not allowed under New Hampshire law. The court inquired whether plaintiff sought enhanced compensatory damages, and stated, if so, then he should file proposed jury instructions regarding the same. Attorney King indicated that plaintiff was seeking these damages and requested the court give New Hampshire Civil Jury Instruction 9.14. SIG Sauer intends to file a response to this request in

advance of trial. Any instruction on enhanced compensatory damages would be given only if the evidence at trial is sufficient to warrant the instruction.

### **Instructions on both varieties of negligence: strict product liability and negligence.**

The court indicated a preference to instruct the jury only on the elements of strict liability—as instructing the jury on both theories of negligence would confuse the jury and is disfavored by the New Hampshire Supreme Court.  See Greenland v. Ford Motor Co., 115 N.H. 564, 569 (1975) (upholding the trial court's decision to preclude instruction on negligence claim where it instructed the jury on strict liability on the grounds that giving both was unnecessary and confusing).  The court is inclined to so instruct the jury even in the absence of plaintiff's assent.  Nonetheless, the court awaits plaintiff's input with respect to this question.

### **Comparative Fault Instruction**

Both parties requested a comparative fault instruction, but both agreed to withdraw their requests for that instruction.  Both parties agreed that the court should not give any instruction on comparative fault to the jury.

### **Plaintiff's Consumer Protection Act claim (Count 7)**

This is a claim that is tried to the court.  The court is favorably inclined to ask the jury for an advisory verdict on this claim.  Plaintiff's counsel stated that he thought the claim went to the jury.  However, no party proposed jury instructions on this claim.  The parties shall file **on or before noon on July 18, 2022** (the day before trial) proposed jury instructions on the CPA claim and proposed findings of fact and rulings of law on the CPA claim.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

July 14, 2022

cc:  Counsel of Record

3