UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kyle Guay

    v.                                                                 Civil No. 20-cv-736-LM
                                                                                   Opinion No. 2022 DNH 086 P

Sig Sauer, Inc.

## **O R D E R**

Plaintiff Kyle Guay sues defendant Sig Sauer, Inc., alleging that his Sig Sauer P320 pistol discharged without a trigger pull and shot him in the leg while he was removing the holster from his belt. Among other causes of action, Guay brings a products liability claim and an intentional infliction of emotional distress claim. He seeks to introduce into evidence the deposition transcripts of Phil Strader and Al Larochelle, two of Sig Sauer's designated deponents in a prior case against the corporation.[1] Sig Sauer moves to exclude these transcripts. Doc. no. 77.[2] The court heard oral argument at a hearing on July 14, 2022. For the following reasons, the court denies in part and grants in part Sig Sauer's motion.

---

[1] Guay originally sought to introduce the deposition transcript of a third designated deponent, John Sheppard. Doc. no. 77-1. Guay has indicated, however, that he no longer intends to introduce this deposition.

[2] Doc. no. 77 is an objection to Guay's amended pretrial statement, wherein he disclosed his intention to present these transcripts as evidence at trial. As Sig Sauer moves to prevent Guay from presenting this evidence, the court construes the objection as a motion in limine.

## BACKGROUND

Sig Sauer designs, manufactures, and sells the P320 pistol. Guay purchased a P320 pistol in December 2016. In January 2020, Guay took his dogs for a walk with this P320 pistol holstered to his belt. When he returned home, he attempted to remove the holster. Guay alleges that, while he was doing so, the pistol discharged and shot him in the leg. Guay alleges that he did not pull the trigger. Guay maintains that the P320 pistol discharged without a trigger pull due to a defect in the design and/or manufacture of the product.

Guay alleges that before the date of his injury, Sig Sauer knew about prior allegations that the P320 discharged without a trigger pull. Guay further alleges that, despite this knowledge, Sig Sauer failed to adequately warn buyers and users of the P320 pistol about the danger of accidental discharges and failed to issue a recall of the pistol to address the safety concerns at issue. Notably, Sig Sauer did institute a "voluntary upgrade program" for the P320 in August 2017 but notice about the program indicated it was meant to address drop-related safety concerns. Guay maintains that the voluntary program was insufficient because: (1) Sig Sauer failed to warn users of non-drop related safety concerns; and (2) the voluntary language of the program failed to adequately convey the importance of receiving the upgrade.

Guay's attorney, Jeff Bagnell, represented another individual in an earlier case against Sig Sauer involving an alleged unintended discharge, <u>Vadnais v. Sig Sauer, Inc.</u>, No. 1:18-cv-00540-LMB-IDD (E.D. Va. 2019). As part of that case,

Attorney Bagnell deposed two Sig Sauer designees, Phil Strader and Al Larochelle, pursuant to Federal Rule of Civil Procedure 30(b)(6). See Fed. R. Civ. P. 30(b)(6) (allowing corporate parties to designate individuals as deponents on the corporations' behalf).

## DISCUSSION

Sig Sauer moves to preclude Guay from introducing designated portions of the deposition transcripts of Phil Strader and Al Larochelle. Guay argues the transcripts are admissible under Federal Rule of Civil Procedure 32. Rule 32 allows a party to introduce into evidence all or part of a deposition transcript if: (A) the opposing party was present or represented at the deposition or had reasonable notice of it; (B) the deposition testimony would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and (C) the use is allowed by Rule 32(a)(2) through (8). Fed. R. Civ. P. 32(a)(1).

It appears undisputed that elements (A) and (C) have been established in this case. As to (A), Sig Sauer was the defendant in the earlier Vadnais case and its attorneys were present at the depositions of both Strader and Larochelle.[3] As to (C), Rule 32 states: "An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) . . . ." Fed. R. Civ. P. 32(a)(3). Strader and

---

[3] One of Sig Sauer's attorneys in this case, Attorney Robert Joyce, was present at the depositions of Strader and Larochelle.

Larochelle were Sig Sauer's Rule 30(b)(6) designees.  Moreover, Rule 32 also permits parties to introduce depositions taken in earlier actions if permitted by the Federal Rules of Evidence.  Fed. R. Civ. P. 32(a)(8).

Thus, the only remaining element is (B), and the issue is whether the deposition transcripts of Strader and Larochelle are admissible under the Rules of Evidence.  The court considers the testimony of each deponent in turn.

A. <u>Deposition testimony of Phil Strader</u>[4]

In the prior lawsuit, Sig Sauer designated Phil Strader to discuss the voluntary upgrade program to the P320 pistol.[5]  In his deposition, Strader testified, among other topics,[6] about the number of P320s that, as of the date of his January 2019 deposition, were circulating in the commercial (i.e., non-military or police force) market.  He also testified about the number of individuals who had, as of January 2019, submitted their P320 pistols to Sig Sauer pursuant to the voluntary upgrade program.  Strader testified that he could only provide approximations of

---

[4] Sig Sauer attached the relevant portions of Phil Strader's deposition transcript as doc. no. 77-2.

[5] Counsel for Sig Sauer made this representation at the July 14, 2022 hearing.

[6] Guay also marked for introduction a portion of the deposition transcript in which Strader discusses a public video about the changes Sig Sauer made during the upgrade program.  <u>See</u> doc. no. 77-2 at 34:1-34:23.  Neither party addressed this testimony in their briefs or at the public hearing.  Absent any argument to allow or exclude this evidence, the court reserves judgment on its admissibility.

these figures. He also approximated how much he thought it cost Sig Sauer to upgrade the pistols pursuant to the program as of January 2019.

In addition, Strader testified about Sig Sauer's rationale in referring to its upgrade program as the "voluntary upgrade program" as opposed to a "recall." Specifically, he testified that the word "recall" had a more serious connotation than the phrase "voluntary upgrade program," and would likely indicate to consumers that the safety issue was of greater significance. He also testified that Sig Sauer could have called the upgrade program a "recall," but chose not to, and that he did not think it was necessary to call the program a recall because he believed that the P320 met all relevant safety standards. He further testified that he had not personally heard of anyone being injured by an accidental discharge from a P320 outside of the scope of the Vadnais lawsuit. Finally, he testified that Sig Sauer sent a second notice about the voluntary upgrade program, its reasons for doing so, and that Sig Sauer had not, as of the time he testified, issued a third notice.

Guay seeks to introduce this deposition testimony to establish Sig Sauer's knowledge about the effectiveness of its voluntary upgrade program, and show that Sig Sauer could have used the term "recall" rather than the phrase "voluntary upgrade program." Sig Sauer raises several arguments against its inclusion.

First, Sig Sauer argues that Strader's testimony about the number of pistols in the commercial market and the number of pistols returned pursuant to the voluntary upgrade program is irrelevant and thus inadmissible under Rules 401 and 402. For a party to submit evidence at trial, it must be relevant. Fed. R. Evid.

402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, Strader's testimony about the total number of P320s in the market and the number of consumers who returned their pistols pursuant to the upgrade program as of 2019 is relevant because it goes to Sig Sauer's knowledge about the efficacy of its upgrade program at the time of the deposition, which took place before Guay's injury in January 2020.

Sig Sauer argues that this testimony is irrelevant because Guay did not submit his pistol for voluntary upgrade. This argument misconstrues Guay's claims, which are premised, in part, on the allegation that he would not have injured himself had Sig Sauer issued a stronger warning about the safety defects in the pistol. The fact that Guay did not upgrade his pistol, therefore, does not make evidence about Sig Sauer's knowledge of the number of people who did irrelevant.

Second, Sig Sauer argues that Stader's testimony about the number of pistols and upgrades should be excluded as unduly prejudicial under Rule 403 because the numbers are outdated and Sig Sauer has, as of today's date, upgraded a larger percentage of P320s. Rule 403 permits courts to exclude relevant evidence if its probative value would be substantially outweighed by the evidence's ability to "cause unfair prejudice, confus[e] the issues, mislead[] the jury, cause undue delay, wast[e] time, or needlessly present[] cumulative evidence." Fed. R. Evid. 403.

The deposition testimony would not be unduly prejudicial. As noted above, Strader's testimony is highly probative because it concerns the figures as of January

6

2019 and thus goes to Sig Sauer's notice at the time. As to prejudice, Sig Sauer can avoid any risk that Strader's testimony would create the impression that the current number of upgrades is low by introducing more current figures. Accordingly, any prejudice created by Strader's testimony is easily cured and does not substantially outweigh its probative value.

Third, Sig Sauer argues that Strader's testimony about the number of pistols and upgrades is inadmissible because Guay has failed to lay a foundation for Strader's knowledge about these figures. Specifically, Sig Sauer notes Strader testified that these were approximations of the figures and not exact amounts. Sig Sauer maintains it does not know where Strader got these figures, particularly because he did not work in the accounting department, which tracked these figures. The testimony should not be excluded for this reason. Sig Sauer designated Strader under Rule 30(b)(6) to testify on its behalf about the voluntary upgrade program. The jury can hear what Sig Sauer's designee approximated crucial figures about the program to be as of the time of his deposition. The jury can consider Strader's testimony that these figures were approximations in evaluating the weight to give the evidence.

Fourth, Sig Sauer argues that a portion of the deposition transcript that includes an incomplete discussion about a prior incident should be excluded. Specifically, in that portion, Attorney Bagnell asks Strader if an unidentified incident prompted Sig Sauer to issue a second notice about the voluntary upgrade program, and Strader testified: "Not to my knowledge." See doc. no. 77-2 at 59:8-

7

59:10. There is no other testimony about this incident in the identified excepts Guay seeks to introduce. Without any context about what this incident was and whether Strader, or anyone else at Sig Sauer, had heard of this incident, the testimony has little probative value. Moreover, the testimony is prejudicial because it suggests there was another incident of an accidental discharge without providing any background or context for it. As the prejudicial effect of the portion of the transcript outweighs its limited probative value, the court excludes it. See Fed. R. Evid. 403.

Fifth, Sig Sauer argues that Strader's testimony about Sig Sauer's decision to use the phrase "voluntary upgrade program" and not "recall" was beyond the scope of his deposition, and he therefore did not speak on Sig Sauer's behalf. Sig Sauer notes that Strader testified that his statements on this topic were his own personal opinions. The testimony should not be excluded on this basis. Again, Sig Sauer designated Strader to discuss the voluntary upgrade program under Rule 30(b)(6). His testimony about the name Sig Sauer chose to give the program falls within the scope of that designation. The jury can consider any qualifications to his opinion that Strader made in evaluating the weight to give his testimony.

Sixth, and finally, Sig Sauer argues that Strader's testimony about his personal knowledge of other people being injured by the P320 was outside of the scope of his 30(b)(6) designation and that Strader therefore did not make these comments on Sig Sauer's behalf. The voluntary upgrade program concerned the safety mechanics of the P320, and Sig Sauer and its employees' knowledge of

8

individuals being injured by accidental discharges is reasonably related to the program. Whether Strader was aware of injuries caused by accidental discharges from the P320 therefore falls within the scope of his Rule 30(b)(6) designation.

In sum, the court concludes that the following portions of Strader's deposition are admissible under Federal Rule of Civil Procedure 32 and the Federal Rules of Evidence: 29:5-30:20, 31:15-33:14; 45:1-47:6, and 59:11-59:23. However, Guay may not introduce the portion of Strader's deposition relating to an unidentified prior incident: 59:8-59:10.

B. <u>Deposition testimony of Al Larochelle[7]</u>

Al Larochelle also testified in January 2019. Although Guay identified larger sections of the transcript in his pretrial statement, he clarified at the July 14, 2022, hearing that he only seeks to introduce pages 53 through 55 of the deposition into evidence. In that portion of the transcript, Larochelle testifies that he and other Sig Sauer employees watched body camera video of another alleged accidental discharge of a P320 pistol involving a law enforcement officer in Roscommon, Michigan.

Sig Sauer objects to pages 53 through 55 of Larochelle's deposition on the grounds that it includes discussion of the Roscommon incident, which Sig Sauer argues is inadmissible because Sig Sauer has failed to lay a foundation for it.

---

[7] Sig Sauer attached the relevant portions of Al Larochelle's deposition transcript as doc. no. 77-3.

Under Rule 602, "a witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602. In his deposition, Larochelle admitted he and other Sig Sauer employees had seen video of the Roscommon incident involving an alleged accidental discharge of the P320 pistol and described what he observed in the video. Larochelle's own testimony establishes his personal knowledge that he watched the video and about the contents of the video. There is nothing further that Guay needs to present under Rule 602 to admit this testimony. Accordingly, the court will not exclude this portion of Larochelle's deposition on the grounds that it lacks foundation.[8]

Moreover, while Sig Sauer does not expressly argue relevancy, the court nevertheless notes that the testimony about the Roscommon incident is relevant because it goes to Sig Sauer's knowledge of other alleged unintended discharges prior to the date of Guay's accident and thus to whether Sig Sauer possessed information that would require it to warn P320 users of potential dangers. See Fed. R. Evid. 401. The court cannot think of any reason, and Sig Sauer has not

---

[8] Guay previously sought to introduce the video of the Roscommon incident (along with four other videos) into evidence. At a hearing on July 7, 2022, the court ruled that Guay could not introduce the evidence because he conceded he had no ability to authenticate the five videos under Federal Rule of Evidence 901. At that time, the parties had not presented the content of Larochelle's deposition to the court. As the court noted in its July 14, 2022 order, the court reserves ruling on the question of whether Larochelle's deposition testimony is sufficient to authenticate the Roscommon video.

identified any, why this relevant evidence would otherwise be inadmissible. Accordingly, Guay may introduce pages 53 through 55 of Larochelle's deposition testimony.

## CONCLUSION

For the foregoing reasons, the court denies in part and grants in part Sig Sauer's motion to exclude the deposition testimony of Phil Strader and Al Larochelle.  Doc. no. 77.  Guay may introduce portions of those depositions to the extent allowed by this order.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

July 18, 2022

cc:   Counsel of Record