## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

Kyle Guay

     v.                                                Civil No. 20-cv-736-LM

Sig Sauer, Inc.

## JURY INSTRUCTIONS

## INTRODUCTION

You have now heard all of the evidence in this case, and argument by the lawyers.  It is my duty at this point in the trial to instruct you on the law that you must apply in reaching your verdict.  It is your duty to follow and apply the law as I give it to you.  But, you alone are the judges of the facts.  Please do not consider any statement that I have made in the course of trial, or make in these instructions, as any indication that I have any opinion about the facts of this case, or what the verdict should be.  The verdict in this case is your responsibility and yours alone.

## JURORS SOLE JUDGES OF FACT

You are the sole and exclusive judges of the facts.  You must weigh the evidence that has been presented impartially, without bias, without prejudice, and without sympathy.  You must make a determination as to what the facts are and what the truth is based upon the evidence presented in this case.  You must then decide the case by applying the law to the facts as you find them to be from the evidence.  I will give you the law in these instructions.

1

The mere fact that an individual has brought a lawsuit is not in and of itself a reason to render a verdict for that individual.  Bringing a lawsuit is merely the formal means of introducing the matter of controversy into court.  Your verdict must be based solely on the evidence and the law.

## APPLYING THE LAW

You must apply the law regardless of any opinion you may have as to what the law ought to be.  It would be a violation of your sworn duty if you were to base your verdict upon any view of the law other than that reflected in these instructions, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence presented in this case.

## WHAT IS EVIDENCE

Your findings of fact must be based exclusively on the evidence.  There are two types of evidence that you may properly consider in deciding this case: direct and circumstantial.

Direct evidence is the testimony given by a witness about what that witness has seen, heard, or observed, or what that witness knows based on personal knowledge.  Finally, direct evidence also includes any exhibits that have been marked.

Evidence may also be used to prove a fact by implication, and such evidence is called circumstantial evidence:  The circumstances suggest that a certain fact is true.  You may give circumstantial evidence the same weight as direct evidence.

The evidence in this case consists of the sworn testimony of the witnesses (regardless of who may have called them), and all the exhibits received in evidence (regardless of who may have produced them).

## DEPOSITION TESTIMONY

The testimony of two witnesses have been read to you from deposition transcripts. When these depositions were taken, the witnesses took an oath identical in purpose to the oath given to witnesses who have come before you and testified here in this courtroom. The witnesses at the depositions promised to tell the truth, and are subject to criminal prosecution for lying. All parties were given an opportunity to ask questions of the witnesses during their depositions. The deposition testimony should be weighed by you as you would weigh any other testimony offered live during the course of this trial.

## WHAT IS NOT EVIDENCE

Certain things are not evidence and you cannot consider them as evidence:

a. Arguments, statements, and questions by the lawyers are not evidence. What they have said in their opening statements, closing arguments, questions to the witnesses, and at other times during the trial is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from what the lawyers have said about those facts, your memory controls.

b. Objections raised by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper under the rules of evidence. I must

rule on objections, and I have not intended to indicate in any way by my rulings what the verdict should be in this case. You should not be influenced by the lawyers' objections or by my rulings on those objections.

c. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

## CREDIBILITY OF WITNESSES

In determining what the facts are and what the truth is, you must necessarily assess the credibility of each witness and determine what weight you will give to each witness's testimony. By credibility I mean the believability or the truthfulness of a witness.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief or not worthy of belief. You should also consider the extent, if any, to which the testimony of each witness is either supported or contradicted by other evidence in the case.

The testimony of a witness may be discredited by showing that the witness previously made statements that are different than, or inconsistent with, his or her testimony here in court. You must decide what weight, if any, should be given to the testimony of a witness who has made prior inconsistent or contradictory statements. In making this determination you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether

4

the inconsistency concerns an important fact, or whether it had to do with only a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

## EXPERT WITNESSES

A witness may testify as an expert because of his or her special training, education, skills, or knowledge. When a case involves a matter requiring special knowledge or skill not ordinarily possessed by the average person, an expert is permitted to state his or her opinion to assist the court and jury. An expert's opinion is subject to the same rules concerning reliability as the testimony of any other witness.

The opinions stated by the experts who testified before you were based on particular facts the experts observed or learned from others, or facts that counsel asked the experts to assume.

You may reject an expert's opinion if you decide that the facts are different from the facts that formed the basis of the expert's opinion, or if you decide the expert's opinion is based upon misinformation, or if you decide the expert lacks the qualifications to render a reliable opinion. You may consider whether the expert took advantage of the opportunity to make a thorough investigation before rendering an opinion. You may also reject an expert's opinion if, after careful consideration of all the evidence in the case, expert and other, you disagree with the opinion. In other words, you are not required to accept an expert's opinion.

You may accept all, part, or none of the testimony of an expert.

## CONFLICTING EXPERT TESTIMONY

You have heard testimony of expert witnesses who have been called by both sides to give their opinions. The testimony of these witnesses is in conflict. They disagree. You must remember that you are the sole trier of the facts, and the experts' testimony relates to a question of fact—that is, whether Mr. Guay has proven his claims. So, it is your job to resolve the disagreement. The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses. In addition, since they gave their opinions, you should consider the soundness of each opinion, reasons for the opinion and the witness's motive, if any, for testifying.

## WEIGHT TO BE GIVEN TESTIMONY

After assessing the credibility of each witness you will assign as much weight to his or her testimony as you deem proper. You are not required to believe the testimony of any witness simply because that witness was under oath. You may believe or disbelieve all or part of the testimony of any witness. You determine what testimony is worthy of belief and what testimony may not be worthy of belief. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence, you believe that single witness.

## WEIGHT OF THE EVIDENCE

The weight of the evidence is not necessarily determined by the number of witnesses testifying on either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of belief. In reviewing the evidence, you should consider the quality of the evidence and not the quantity. It is not the number of witnesses or the quantity of testimony that is important but the quality of the evidence that has been produced that is important. You must consider all of the evidence no matter which side produced or elicited it.

In addition, during the course of the trial, I have instructed you that certain evidence was being admitted for a limited purpose. It is your duty to follow those instructions during your deliberations.

## BURDEN OF PROOF

At certain points in these instructions, I will tell you that Mr. Guay has the burden of proving something to you by "a preponderance of the evidence." A preponderance of the evidence simply means that quantity and quality of evidence necessary to persuade you that a party's claim is more likely true than not true. So, if Mr. Guay has the burden of proving X by a preponderance of the evidence, that simply means that Mr. Guay must produce sufficient evidence to persuade you that X is more likely true than not true.

What does it mean for Mr. Guay to prove that something is more likely true than not true? Think of a set of scales. At the beginning of the trial they are

7

perfectly balanced and even. At the end of the trial, if the scales have been tilted by the evidence ever so slightly toward Mr. Guay, then he has met his burden. If, on the other hand, the scales remain even, or if they tilt ever so slightly in Sig Sauer's favor, then Mr. Guay has not met his burden.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Each of Mr. Guay's claims has separate elements, or parts. I will explain the elements of each claim to you shortly.

If the proof fails to establish each element of a particular claim by a preponderance of the evidence, you should find for Sig Sauer on the claim.

If, on the other hand, you find that Mr. Guay has carried his burden of proving, by a preponderance of the evidence, all of the elements of a particular claim, you should find in favor of Mr. Guay on that claim.

## CORPORATION AS DEFENDANT

While the defendant in this case is Sig Sauer, a corporation, any act or failure to act by an employee, officer, representative, or other agent of Sig Sauer in the performance of his or her duty, is held in law to be the act or failure to act of Sig Sauer. Therefore, whenever I use the terms "defendant" or "Sig Sauer" in these instructions, I am referring to Sig Sauer, acting through its employees, officers, representatives, or other agents.

8

In all other respects, a corporation is to be treated in the same manner as any other party that is involved in litigation. All parties, whether individuals or corporations, are equals before the law.

## THE CLAIMS

Plaintiff Kyle Guay brings five claims against Sig Sauer: (1) a negligence claim for strict products liability, (2) a claim that Sig Sauer breached an express warranty, (3) a claim that Sig Sauer breached an implied warranty of merchantability, (4) a claim that Sig Sauer violated the Magnuson-Moss Warranty Act, and (5) a claim for intentional infliction of emotional distress.

I will now instruct you on the law of each of these claims.

## 1. FIRST CLAIM: STRICT PRODUCTS LIABILITY: DEFECTIVE DESIGN AND/OR MANUFACTURE OF THE P320 PISTOL

The first claim is a negligence claim under a theory of strict products liability. Mr. Guay alleges that Sig Sauer is liable to him because the P320 pistol has a design or manufacturing defect. Specifically, Mr. Guay claims that Sig Sauer designed or manufactured the P320 pistol in a manner that rendered it unreasonably dangerous for its foreseeable uses and that this defective condition caused Mr. Guay's injuries in this case. Sig Sauer denies Mr. Guay's claim.

To succeed on this claim, Mr. Guay must establish each of the following elements by a preponderance of the evidence:

    (1)   There was a defect in the P320 pistol, resulting from either its design or manufacture, that caused it to be unreasonably dangerous to users;

(2)   The defect existed when Guay purchased the P320 from a seller in the business of selling firearms;

(3)   Guay's use of the P320 pistol was reasonably foreseeable by Sig Sauer; and

(4)   The defect caused the P320 to discharge and injure Mr. Guay.

Some of the terms I have used above have specific meanings in defective design and manufacture cases:

**Defect**.  A product is in a defective condition unreasonably dangerous to the user when it has a propensity for causing physical harm beyond what would be expected by ordinary users or consumers of the product.  A product is not defective or unreasonably dangerous merely because it is possible to be injured while using it.

Mr. Guay alleges two possible types of defect: a manufacturing defect and a design defect.  Mr. Guay only needs to prove one or the other, i.e. that there was either a manufacturing defect or a design defect.  I will explain both types of defects:

(a)   **Defect in manufacture**.  A defect in manufacture occurs when a product is intended to conform to a design that does not present an unreasonable danger to users/consumers, but a mistake in the manufacturing process causes the product not to conform to the design.

(b)   **Defect in design**.  A defect in design occurs when the product sold has been manufactured in conformity with the manufacturer's design, but the design itself presents unreasonable dangers to users/consumers.

**Causation.**  A defective condition is the cause of an injury if the condition is a substantial factor in bringing about the injury and the harm would not have occurred without the defective condition.  You need not find that the defective condition was the sole cause of the injury, so long as it was a substantial factor in

10

bringing about the injury, even though other factors may also have contributed to cause the injury.

## WARRANTY CLAIMS

Mr. Guay's second and third claims are that Sig Sauer breached two different warranties. A warranty is a promise or guarantee by a manufacturer that its product is of a certain quality or character. The warranties that Mr. Guay alleges Sig Sauer breached are an express warranty and an implied warranty of merchantability. I will explain each of those claims to you now.

## 2. SECOND CLAIM: BREACH OF EXPRESS WARRANTY

Mr. Guay's second claim is that Sig Sauer violated an express warranty that the P320 would not fire unless the trigger was pulled. In order to prevail on the claim that Sig Sauer breached an express warranty, Mr. Guay has the burden of proving each of the following elements by a preponderance of the evidence.

(1)   Sig Sauer made a statement of fact relating to the P320;

(2)   Sig Sauer's statement was part of the basis of the bargain between Mr. Guay and Sig Sauer;

(3)   The P320 did not have the characteristics that Sig Sauer represented in its statement; and

(4)   The failure of the P320 to conform to Sig Sauer's statement of fact caused Mr. Guay's injuries.

It doesn't make any difference if the statement is made in writing or orally. A seller may create an express warranty by advertising the product, showing the

buyer a sample, or describing the product.  To find an express warranty, you do not

need to find that the defendant actually used the words "guarantee," "warranty," or

"promise."

A statement becomes part of the basis of the bargain if it would naturally

induce the purchase of the product.  Mr. Guay does not need to show that he

actually relied on Sig Sauer's statement.  He only needs to show that he was aware

of the statement at some point in the process of purchasing his P320.

3. **THIRD CLAIM: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

Mr. Guay's third claim is that Sig Sauer violated an implied warranty of

merchantability.  To prevail on this claim, Mr. Guay has the burden of proving each

of the following elements by a preponderance of the evidence:

(1)  Sig Sauer manufactured and sold the P320;

(2)  At the time of Mr. Guay's injury, he was a person whom Sig Sauer might reasonably have expected to use, or be affected by, the P320 in a manner that Sig Sauer intended or reasonably could have foreseen;

(3)  A defective condition rendering the P320 unreasonably dangerous existed at the time the product left the hands of Sig Sauer, so that the P320 was not reasonably suitable for the ordinary uses for which goods of that kind and description were sold; and

(4)  The defective condition caused Mr. Guay's injury.

4. **FOURTH CLAIM: VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

Mr. Guay's fourth claim is that Sig Sauer violated the Magnuson-Moss Warranty Act.  The Magnuson-Moss Warranty Act is a federal law covering consumer product warranties.  The Act provides for certain rights and remedies for consumers in connection with warranties.

To succeed on this claim, Mr. Guay must prove each of the following elements by a preponderance of the evidence:

(1)   Mr. Guay is a consumer who purchased the P320 pistol;

(2)   The P320 is a consumer product;

(3)   Sig Sauer is a "warrantor" or "supplier";

(4)   Sig Sauer breached either a "written warranty" or an "implied warranty"; and

(5)   Mr. Guay was harmed as a result of Sig Sauer's breach of warranty.

The term "consumer" means a buyer of any consumer product.

The term "consumer product" means any tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes.

The term "warrantor" means any supplier or other person who gives or offers to give a written warranty or who is or may be obligated under an implied warranty.

The term "supplier" means any person engaged in the business of making a consumer product directly or indirectly available to consumers.

The term "implied warranty" is consistent with how I defined the "implied warranty of merchantability" for you in Claim Three.

The term "written warranty," however, is different than the term "express warranty" that I defined for you in Claim Two. A "written warranty" under the Magnuson-Moss Act is a written promise made in connection with the sale of a consumer product which (1) relates to the nature of the material or workmanship, and (2) affirms that such material or workmanship will be defect-free. The written promise must be part of the basis of the bargain between the supplier and the buyer.

## 5. FIFTH CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Mr. Guay's fifth claim is for intentional infliction of emotional distress. To prove his claim for intentional infliction of emotional distress, Mr. Guay must establish each of the following elements:

(1) That Sig Sauer acted intentionally or recklessly;

(2) That these actions or omissions were extreme and outrageous; and

(3) That the acts caused Mr. Guay to suffer severe emotional distress.

I will now explain each of these elements in more detail.

**Intentional or Reckless.** The first element requires Mr. Guay to prove that Sig Sauer acted intentionally or recklessly. To find it responsible for the harm occasioned to Mr. Guay, its acts must not be merely inadvertent or negligent; Mr. Guay must prove that Sig Sauer's actions were done intentionally or recklessly.

To prove that Sig Sauer acted **intentionally**, it is necessary for Mr. Guay to show that Sig Sauer intended to engage in the harmful conduct, that it acted with that specific intent, and that it meant to do what it did.

To prove that Sig Sauer acted **recklessly**, Mr. Guay must show that Sig Sauer consciously disregarded a substantial and unjustifiable risk that certain circumstances exist or that a certain result would follow from its actions. He must also show that the conscious disregard constitutes a gross departure from the care that a reasonable person would exercise in the same or similar circumstances.

**Extreme and Outrageous.** The second element requires Mr. Guay to prove Sig Sauer's actions were extreme and outrageous. In order to meet this burden, Mr. Guay must show that Sig Sauer's conduct exceeded all possible bounds of decency. The average member of the community must regard Sig Sauer's conduct as being atrocious and utterly intolerable in a civilized community.

**Severe Emotional Distress.** The third element requires Mr. Guay to prove that the acts caused him to suffer severe emotional distress. There are two parts to this element. The first is causation. Mr. Guay must prove that Sig Sauer's conduct was a substantial cause of Mr. Guay's injury and the injury would not have happened without Sig Sauer's conduct.

The second part has to do with the degree of Mr. Guay's emotional distress. He must prove that the emotional distress he suffered was severe. The law intervenes only where the distress is so severe that no reasonable person could be expected to endure it. The distress must also be reasonable and justified under the

15

circumstances. Sig Sauer is not legally at fault for any exaggerated and unreasonable emotional distress unless it results from a peculiar susceptibility to such distress and that Sig Sauer had knowledge of that peculiar susceptibility.

## GENERAL CONSIDERATIONS

The fact that there was an accident, and resulting injuries and damages, does not necessarily mean that Sig Sauer is legally responsible for the accident or injuries.

The manufacturer of a firearm is not a guarantor that no one will get hurt using it. What the manufacturer is required to do is to make a product free from defective and unreasonably dangerous conditions.

## ORDER OF DELIBERATIONS

You should consider all of the evidence that has been presented to you and determine whether or not Mr. Guay has proven, by a preponderance of the evidence, any or all of his claims against Sig Sauer. If you find that Mr. Guay has met his burden of proof on the issue of liability as to any of his claims, then you will go on to consider the proper measure of damages for those claims on which you have found Sig Sauer liable. If, on the other hand, you find that Mr. Guay has not met his burden of proof on the issue of liability for any of his claims, then you will conclude your deliberations and return a verdict for Sig Sauer.

In other words, you must not compromise between the liability issue and the damages issue. You must determine the issue of liability first. You should proceed

to the damages issue only if you have determined that Mr. Guay has met his burden of proving Sig Sauer's liability.

## DAMAGES

I will now instruct you on the law regarding damages. You should not consider the fact that I am instructing you on the law of damages as indicating in any way that Mr. Guay is entitled to damages.

The principal or paramount rule in awarding damages is that every person unjustly deprived of his or her rights is fully and fairly compensated for the injuries sustained. The general object of damages is to compensate the person injured for the actual loss that person sustained. The law requires that the compensation be equivalent to the injury.

If you find that Mr. Guay is entitled to damages in accordance with these instructions, then you should award him that sum of money that will fairly, justly, and reasonably compensate him for all the damage suffered as a direct result of the Sig Sauer's wrongful conduct. A plaintiff is entitled to full, fair, and adequate compensation for the injuries and the results of the injuries he has sustained—no more and no less.

In determining the amount of damages, if any, to allow Mr. Guay, you may draw such inferences from the evidence of the nature of the injuries and the results thereof as are justified by your common experiences. Damages are not to be awarded on the basis of guesswork or speculation, or on the basis of passion,

prejudice, or sympathy.  Instead, they must be awarded, if at all, based upon your assessment of what full and fair compensation should be.  The law does not require mathematical certainty in computing damages.  However, your computation of the damages award must be supported by the evidence; it cannot be based on speculation.

I am going to instruct you on two types of damages: (A) compensatory damages, and (B) enhanced compensatory damages.

## I.  COMPENSATORY DAMAGES

A person who seeks damages has the burden of proving that it is more probable than not that the damages were caused as a direct result of the conduct of the defendant.  Additionally, a person seeking damages must show the nature, extent, and amount of those damages.

So, the burden is on Mr. Guay to prove by a preponderance of the evidence each item of damage he says he suffered, and to prove that each item was caused by the wrongful conduct of Sig Sauer.  Mr. Guay is not required to prove the exact amount of his damages, but he must introduce sufficient evidence to permit you to make a reasonable estimate of each item.  If Mr. Guay fails to do so, then he cannot recover for that item.

You may award compensatory damages against a defendant only for injuries that the plaintiff has proved were caused by that defendant's wrongful conduct. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant.  Nor should you award compensatory damages

for speculative injuries; they may be awarded only for those injuries that Mr. Guay has actually suffered or that he is reasonably likely to suffer in the future as a consequence of Sig Sauer's alleged unlawful conduct.

As an element of compensatory damages, you may award reasonable compensation for pain, suffering, and emotional distress which you find from a preponderance of the evidence was caused by Sig Sauer and which Mr. Guay has experienced to date, and any such pain, suffering, and emotional distress which you find from a preponderance of the evidence he will probably experience in the future. There is no standard prescribed by law by which to fix reasonable compensation for pain, suffering, and emotional distress. In making an award for this element, you should exercise your reasonable judgment and determine damages that are full, fair, and adequate in light of the evidence. Mr. Guay may not recover for any pain, suffering, mental anguish, or emotional distress which he suffered as a result of factors other than Sig Sauer's allegedly unlawful contact with him.

## II.  ENHANCED COMPENSATORY DAMAGES

In addition to the compensatory damages I have outlined above, you may award what is called "enhanced compensatory damages."

The purpose of an award of damages is to compensate Mr. Guay for his loss, not to punish Sig Sauer. You are not permitted to award money damages for the purpose of punishing Sig Sauer or of making an example of it for the public good or of preventing it and others from similar conduct.

If you find that Mr. Guay suffered actual damages that were caused or substantially caused by Sig Sauer's conduct, there are certain circumstances under which the law permits you, but does not require you, to consider an award of additional damages to reflect aggravating circumstances.  These damages are called "enhanced damages" or "liberal compensatory damages."  You may award these damages only if you find that Sig Sauer's conduct was more probably than not wanton, malicious, or oppressive.  "Wanton" means reckless indifference or disregard of consequences.  "Malicious" means ill-will, hatred, hostility, or bad motive.  "Oppressive" means abuse of power.

## CONCLUSION

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits admitted into evidence.  The principles of law set forth in these instructions are intended to guide you in reaching a fair and just result in this case, which is important to all the parties.  You are to exercise your judgment and common sense without prejudice and without sympathy, but with honesty and understanding.  You should be conscientious in your deliberations and seek to reach a just result in this case because that is your highest duty as judges of the facts and as officers of this court.

### A. Selection of a Foreperson

When you retire, you should elect one member of the jury as your foreperson. That individual will act very much like the chairperson of a committee, seeing to it that the deliberations are conducted in an orderly fashion and that each juror has a

full and fair opportunity to express his or her views, positions, and arguments on the evidence and on the law.

### B. Unanimous Verdict

The verdict **on each claim** must represent the considered judgment of each juror. In order to return a verdict, each juror must agree to it. That is to say, your verdict, regardless of whether it is in favor of the plaintiff or the defendant, must be unanimous.

### C. Deliberations

Throughout your deliberations, you may discuss with each other the evidence and the law that has been presented in this case, but you must not communicate with anyone else by any means about the case. You also cannot learn from outside sources about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case. This means you may not use any electronic device or media (such as a phone, computer, or tablet), the internet, any text or instant messaging service, or any social media apps (such as Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, and Snapchat) to research or communicate about what you've seen and heard in this courtroom.

These restrictions continue during deliberations because it is essential, under our Constitution, that you decide this case based solely on the evidence and law presented in this courtroom.

You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence and instructions

on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without undue influence by anything or anyone outside of the courtroom. For this reason, I expect you to inform me at the earliest opportunity, should you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with the other jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. But, do not surrender your honest conviction as to the weight or effect of the evidence solely based on the opinion of the other jurors or merely for the purpose of returning a verdict. Remember at all times that you are not partisans, you are judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

If during your deliberations it becomes necessary to communicate with me, please give a written message to the Court Security Officer, who will bring it to me. I will then respond as promptly as possible, either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

Now, this is very important, you must never disclose to anyone, including the court, how the jury stands, numerically or otherwise, on the matters you are

deciding, until after you have reached a unanimous verdict or have been discharged. In other words, if the jury is split, say 5 to 3, on some issue, the existence of that split or the number on one side or the other must not be disclosed to anyone, including me.

If we recess during your deliberations, you must follow all of the instructions I have given you concerning your conduct during the trial. In particular, do not discuss the case with anyone other than your fellow jurors in the jury room, when everyone is present.

You were permitted to take notes during this trial, and I want to remind you of the instructions I gave you about your notes. Do not use your notes as authority to persuade other jurors. Your notes should be used only as aids to your own memory and must not be used as authority to persuade the other jurors of what the evidence was during the trial. In the end, each juror must rely on his or her own recollection or impression as to what the evidence was.

You are each going to have a paper copy of my jury instructions to take with you into the jury room. Attached to your individual copy of the jury instructions is a copy of the verdict form. The verdict form is self-explanatory and contains all the questions you need to answer as well as step-by-step instructions. Read that verdict form carefully and follow the instructions on it. The verdict form is consistent with the instructions I have given to you. Feel free to consult the paper copy of the jury instructions as you deliberate. After you have reached your unanimous verdict, your foreperson must complete, sign, and date the official verdict form. The official

verdict form will be given to you with an envelope and will be marked with the word ORIGINAL at the top of the form. After you have reached a verdict, you are not required to talk to anyone about the case unless I direct you to do so.

At the risk of being repetitive, let me once again tell you that nothing said in these instructions is intended to suggest in any way what your verdict should be. The verdict is the exclusive responsibility of the jury, not the judge.

When you have arrived at a verdict, notify the Court Security Officer and you will be brought back into the courtroom.

The courtroom deputy will now swear-in the Court Security Officer.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

<u>Kyle Guay</u>

     v.                                                 Civil No. 20-cv-736-LM

<u>Sig Sauer, Inc.</u>

## <u>VERDICT FORM</u>

## I.  <u>Liability</u>

     **You are to answer all five questions in Section I (Question 1 through Question 5) before moving on to Section II.**

     <u>Question 1:</u>  Do you find, by a preponderance of the evidence, that Sig Sauer is liable to Kyle Guay for strict products liability?

          Yes \_\_\_\_\_                     No \_\_\_\_\_

     <u>Question 2:</u>  Do you find, by a preponderance of the evidence, that Sig Sauer is liable to Kyle Guay for breach of an express warranty?

          Yes \_\_\_\_\_                     No \_\_\_\_\_

     <u>Question 3:</u>  Do you find, by a preponderance of the evidence, that Sig Sauer is liable to Kyle Guay for breach of an implied warranty of merchantability?

          Yes \_\_\_\_\_                     No \_\_\_\_\_

<u>Question 4:</u>  Do you find, by a preponderance of the evidence, that Sig Sauer is liable to Kyle Guay for violating the Magnuson-Moss Warranty Act?

Yes _____                              No _____

<u>Question 5:</u>  Do you find, by a preponderance of the evidence, that Sig Sauer is liable to Kyle Guay for intentional infliction of emotional distress?

Yes _____                              No _____

*If you answered "No" to Questions 1, 2, 3, 4 <u>and</u> 5, then your deliberations are complete.  Please have the Jury Foreperson sign and date the last page of this Verdict Form and notify the Court Security Officer that you have reached a verdict.*

*If you answered "Yes" to any of Questions 1, 2, 3, 4, or 5, please respond to the questions in Section II about damages.*

## II.  <u>Damages</u>

**You are to answer Questions 6 and 7 <u>only</u> if you answered "Yes" to Question 1, 2, 3, 4 and/or 5.**

<u>Question 6:</u>  What amount of compensatory damages do you award to Kyle Guay against Sig Sauer?

_____

(Please enter the amount in words, not numbers, as if you were writing a check.)

2

**Question 7:**  Do you find by a preponderance of the evidence that Kyle Guay is entitled to an award of enhanced compensatory damages?

Yes _____                               No _____

*If your answer to Question 7 is "Yes," proceed to Question 8.  If your answer to Question 7 is "No," then your deliberations are complete. Please have the Jury Foreperson sign and date the last page of this Verdict Form and notify the Court Security Officer that you have reached a verdict.*

**Question 8:**  What amount of enhanced compensatory damages do you award to Kyle Guay against Sig Sauer?

_____

(Please enter the amount in words, not numbers, as if you were writing a check.)

Date: July _____, 2022                    _____
                                          Foreperson

3