UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kyle Guay

      v.                        Civil No. 20-cv-736-LM

Sig Sauer, Inc.


**O R D E R**

Plaintiff Kyle Guay moves for relief from the final judgment in this suit under Federal Rule of Civil Procedure 60(b)(1).[1]  Doc. no. 116.  Sig Sauer objects.  Guay's motion is denied for the following reasons.

Under Rule 60(b)(1), a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect."[2]  A court should not grant relief under Rule 60(b) except under exceptional circumstances.  E.g., Rivera-Velazquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F.3d 1, 3-4 (1st Cir. 2014).  A "mistake" under Rule 60(b)(1) may include a judge's errors of law.  Kemp v. United States, 142 S. Ct. 1856, 1861-62 (2022).[3]

---

[1] Guay also filed but then withdrew a motion for a new trial under Rule 59(a)(1)(A).  Doc. nos. 111 and 117.

[2] Guay's motion also references Rule 60(b)(2), which allows relief from a final judgment if there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  Guay does not attempt to apply that rule and does not identify any newly discovered evidence.

[3] Citing to Silk v. Sandoval, 435 F.2d 1266, 1267-68 (1st Cir. 1971), Sig Sauer argues that the court must deny Guay's motion because, in the First Circuit, a court's erroneous legal ruling cannot be considered a "mistake" for purposes of Rule 60(b)(1).

Guay has not shown any mistake that justifies relief from the court's final judgment. Guay disputes two of the court's factual findings, namely, whether Guay relied on Sig Sauer's August 2017 press release in deciding whether his P320 was still safe to carry and whether there was evidence that Sig Sauer had a reason to issue a recall for the accidental misfire problem that Guay experienced. The court's opinion (doc. no. 108) speaks for itself and is consistent with the evidence introduced at trial. Furthermore, there are no exceptional circumstances to justify granting the extraordinary relief Guay requests under Rule 60(b)(1). For those reasons, Guay's motion (doc. no. 116) is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 25, 2023

cc: Counsel of Record

---

However, the Supreme Court's recent holding in Kemp abrogates that rule. See Triantos v. Guaetta & Benson, LLC, 52 F.4th 440, 445 (1st Cir. 2022) (citing Kemp and stating that Rule 60(b)(1) "encompasses errors of law").